NEW-YORK,
May, 1832.

CORNELL *vs.* LE ROY & RAPELYE.

In an action on a *policy of insurance*, notice of loss, by *an assignee* of the policy, the policy having been assigned with the assent of the insurer, is a compliance with the condition that all *persons insured* shall forthwith give notice, &c.

Where *preliminary proofs* were made forthwith after a fire, and delivered to the insurer *at his request*, before copies were taken, and he subsequently, after repeated evasions, finally refused to furnish copies, *it was held*, that a new set of preliminary proofs furnished nearly *four months* after the fire, was, under the circumstances of the case, in season.

Slight proof that the justice granting the certificate, &c. is the most contiguous to the premises insured is *prima facie* sufficient.

The *certificate* of the magistrate that he is not concerned in the loss is sufficient; *proof* of the negative fact is not required. If he be interested, it is for the defendant to establish the fact.

THIS was an action on a *policy of insurance*, tried at the Kings circuit in May, 1830, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The insurance was on a dwelling house of the plaintiff, situate in Brooklyn. The policy was underwritten by the Alliance British and Foreign Life and Fire Assurance Company. Sum insured $7,500, for one year from 22d July, 1828. The house was burnt 16 January, 1829, and to recover the loss this suit was brought against the defendants' agents of the company, who, by arrangement, assumed the place of the Company. Eight days previous to the fire, the policy had been assigned by the plaintiff to a Mrs. N. to secure the payment of a mortgage for $5000, which she held on the premises. On the day succeeding the night of the fire, Mrs. N. by her attorney, gave notice to the agents of the insurers that the house was burnt, and that the necessary proofs would be furnished without delay. The attorney of Mrs. N. forthwith prepared the *preliminary* proofs, which were taken by one of the agents of the insurers, by the permission of the attorney, previous to copies having been taken, and the attorney on the trial could not distinctly state their contents. It appeared, however, that shortly after the proofs had been thus served, the attorney of the plaintiff called on the

NEW- YORK, agent and requested copies ; that he was put off a number of
May, 1832. times ; that the agent at length positively refused to give the
Cornell    desired copies, when a new set of preliminary proofs were
v.         prepared and served on the 7th of May, 1829. The *certifi-*
Le Roy.    *cate of loss* by the magistrate required by the policy, was
given by a *justice* Lott, who, the witness examined to this
point stated, lived nearer the insured premises, as he thought,
than another justice named Smith, but he was not certain ;
he did not know where the other justices of the place resided,
nor but what a clergyman or a notary public resided nearer
the premises than justice Lott did.

The defendants objected to the *preliminary proofs* as proceed-
ing from an *assignee* of a mortgage, and not from the *assured,*
and that it was not shewn that the proofs exhibited by the
attorney of the assignee of the mortgage contained a partic-
ular account of the loss or damage sustained ; that the pa-
pers served in May were not in due season after the loss,
and that the evidence offered was not sufficient to establish
the fact that the justice who granted the certificate was the
magistrate most contiguous to the premises. These objec-
tions were overruled, and evidence in chief was given on
both sides. The judge delivered a decided charge against
the plaintiff's right to recover, but the jury notwithstanding
found a verdict for the plaintiff, for $5000 and interest. The
defendants moved for a new trial.

*H. Maxwell,* for the defendants, insisted upon the objec-
tions to the preliminary proofs taken at the trial ; and fur-
ther, that it ought to have been proved that the magistrate
who granted the certificate was not concerned in the loss,
contending that the certificate of the magistrate that he was
not concerned in the loss was not enough. The counsel,
however, principally relied for the success of his motion, on
the ground that the verdict was against evidence.

*H. Ketchum,* for the plaintiff.

*By the Court,* SUTHERLAND, J. The objection to the notice
and proof delivered by Mr. Robinson, on the 16th January,
1829, the day after the fire, on the ground that they were not

given in the name of the assured, is without foundation.
Mr. Robinson acted as the attorney and agent of Mrs. N.
who had a mortgage upon the premises consumed, and to
whom the policy in question had been assigned as collateral
security, with the written consent of the defendants. The
9th condition attached to the policy provides, " that all per-
sons insured by the company, and sustaining loss, or damage
by fire, are forthwith to give notice thereof to the agent;"
a person holding the policy as assignee, with the consent of
the insurer, may well be considered the assured within the
meaning of this clause. He is the party in the interest, and
no objection is perceived to the preliminary proceedings
being conducted in his name. When the suit is commenced,
it must be in the name of the party to the contract, as the
instrument is not negotiable.

Whether the account of the loss delivered by Mr. Robin-
son was sufficiently particular, or not, cannot now be deter-
mined. He retained no copy of it ; the defendants, although
repeatedly applied to, refused to permit the attorney for the
plaintiff to take a copy of it. Upon this point, therefore,
we have only the presumption arising from the fact, that it
was prepared by a professional gentleman of great accuracy
and experience, and was believed by him at the time to be
sufficient, although at the trial he had no precise recollec-
tion of its contents. If notice had been given to the defen-
dants to produce the paper, and they had not, I should be
inclined to the opinion, that the circumstances of the case
would have warranted the conclusion that it was substan-
tially sufficient ; but it is not necessary to rely upon that
ground. Mr. Wyckoff testifies that he repeatedly applied to
the defendants for a copy of the paper delivered by Mr.
Robinson, that they for some time evaded the subject, or
put the witness off, but finally refused to deliver or permit
copies to be taken. The witness then immediately prepar-
ed new papers, by way of preliminary proofs, and served
them ; to this second set there is no objection, except that
they were not served in time. The conduct of the defen-
dants in keeping the plaintiff in suspense in relation to the
papers first served, is an ample excuse for the delay. The as-
sured is *as soon after the fire as possible* to deliver in a particu-

NEW-YORK,
May, 1832.

Cornell
v.
Le Roy.

lar account of such loss or damage, and this means no more than that it is to be done with due diligence, under all the circumstances of the case; there is to be no unnecessary procrastination or delay—in this case there was none. The notice given by Robinson was served the very day after the fire, and was a good notice, and the specification delivered by Wyckoff was delivered as soon as it was ascertained that the defendants would not give a copy of the paper first served. The testimony of Wyckoff was *prima facie* sufficient to shew that the justice by whom the certificate required by the 9th condition was given, was the nearest justice to the premises consumed; the certificate of the magistrate states that he was not interested in the loss. It cannot be incumbent on the plaintiff in such a case, to establish by positive proof the negative fact that he was not interested. It is for the defendant to impeach his certificate, by showing his interest, if any interest existed.

This is not a case for the court to interfere with the verdict, as against the weight of evidence; although there are circumstances of suspicion in the case, I cannot say that in my judgment they were sufficient to have justified the jury in finding that the plaintiff set fire to his own house. The verdict certainly is not so clearly against the weight of evidence upon that point as to justify the court in setting it aside. The defendants had the benefit of a strong charge in their favor. The jury, notwithstanding, thought the plaintiff innocent.

Motion for a new trial denied.