INMAN *vs.* THE WESTERN FIRE INSURANCE COMPANY.

In an action on a *policy of insurance* against fire, where the conditions annexed to the policy and referred to therein require that the *assured*, sustaining loss or damage by fire, *shall forthwith give notice* thereof to the *insurer,* IT SEEMS, that it is necessary to aver that *notice was forthwith given,* or the declaration will be held bad on demurrer, or the judgment will be arrested after verdict.

At all events, an averment of notice on the *second of April,* of the destruction of insured property by fire on the *twenty-third of February previous,* is not good.

The provision in the condition of a policy that notice shall be forthwith given, *it seems,* will be construed as imposing no more than *due diligence,* under all the circumstances of the case; but there must be no *laches* or unnecessary procrastination or delay in the giving of the notice.

QUESTION on a *policy of insurance against fire.* The plaintiff declared in *covenant* on a policy of insurance, dated 27th January, 1827, whereby the defendants, in consideration of $20, insured the plaintiff against loss or damage by fire, to the amount of $2000, on a two story wood building occupied as a carding and cloth dressing establishment, situate in the town of Victor, and on the machinery in the same building, for the space of *one year* from the day of the date of the policy. The declaration contained two counts; in the first, the plaintiff set forth the substance of the provisions contained in the policy, and, among other things, that the policy was made and accepted *in reference to the proposals and conditions annexed thereto,* and which were to be used and resorted to in order to explain the rights and obligations of the parties thereto, in all cases not therein otherwise specially provided for. He then set forth the proposals and conditions *verbatim.* The *ninth* condition provides, that all persons insured, and sustaining loss or damage by fire, shall *forthwith give notice* thereof to the company, and as soon after as possible deliver in a particular account of such loss or damage, signed with their own hands, and verified by their oath or affirmation, &c.; and the *tenth* condition provides, that payment of losses shall be made in *sixty days* after the loss shall have been ascertained and proved, &c. The plaintiff averred, that on the *23d February,* 1827, the building, with the machinery therein,

was consumed by fire ; and that after the said loss and damage, and more than sixty days before the commencement of his suit, *to wit on the* 2d *April,* 1827, at, &c. he gave notice thereof to the defendants ; and that afterwards, and more than sixty days before the commencement of the suit, to wit, on the 14th April ensuing, he delivered to the defendants a particular account, &c. The *second count* was like the first, except that the *notice* was alleged to have been given on the 10th *April,* and it contained, in addition, an averment that the defendants did not sustain any loss or damage by reason of the plaintiff not having given notice of the loss before the 10th day of April, 1827, nor by reason of not having before that day delivered a particular account of the loss, &c. The defendants put in *eight pleas* to each count of the declaration : the sixth and seventh to the first count, and fourteenth and fifteenth to the second count, are similar, and are alone necessary to be here stated. In the *sixth* plea, the defendants say that the plaintiff ought not to sustain his action, because the plaintiff, on sustaining the loss, &c. on the 23d February, 1827, *did not,* as required by the conditions annexed to the policy, *forthwith give notice thereof* to the defendants, and *as soon thereafter as possible* deliver to them a particular account of such loss, &c. ; concluding with a verification. In the *seventh* plea, it is alleged that the premises insured were situated in the town of *Victor,* in the county of Ontario ; that the plaintiff, on the 23d *February,* 1827, *when the premises were destroyed,* and for six months afterwards, resided in said town, within sixteen miles of the office of the defendants, where the policy was affected and where the agent of the defendants resided, and yet that the plaintiff omitted to give notice of the loss to the defendants *until after the* 5th *April,* 1827, and to deliver a particular account of the same *until after* the 13th day of the same month ; concluding with a verification. To the *sixth plea,* the plaintiff replied, reiterating the allegations contained in the first count of his declaration, that more than sixty days before the commencement of the suit, *to wit, on the* 2d *April,* 1827, *he gave notice* of the loss ; and on the 14th of the same month delivered a particular account, &c. and adding an averment that the defendants did not sustain any

ALBANY,
Oct. 1834.

Inman
v.
Western Fire
Ins. Co.

ALBANY,
Oct. 1834.

Inman
v.
Western Fire
Ins. Co.

loss or damage by reason of the plaintiff not having deliver-
ed a particular account, &c. before that day. To the other
pleas the plaintiff demurred. The defendants put in a de-
murrer to the plaintiff's replication, assigning a departure
from the declaration as special cause of demurrer.

*J. C. Spencer*, for the plaintiff, insisted that the *seventh* plea
is not a bar to the action. The terms of the policy only re-
quire notice of the loss and a particular account of the dam-
age to be given *sixty days* before the commencement of the
suit; and the *time* of the giving of the notice and furnishing
the account is not an essential part of the condition. Here
the loss is alleged to have happened on the 23d February,
1827, and that *after the loss*, and more than 60 days before
the commencement of the suit, *to wit, on the 2d April*, 1827,
(the day being laid under a *scilicet*,) the plaintiff gave notice,
&c. The plea of the defendants, that the plaintiff did not
give notice *until after the fifth of April*, 1827, is no answer to the
declaration. Circumstances may exist excusing the delay in
giving notice. Thus, in the case of *Cornell* v. *Le Roy*, 9
Wendell, 163, the delivery of a *particular account* on the 7th
*May*, when the loss happened on the 16th *January*, was, un-
der the circumstances of the case, held a compliance with the
condition; and in the case of *Norton* v. *The Rensselaer & S.
Ins. Co.*, 7 Cowen, 645, where the papers of the assured,
which alone could furnish accurate details, were destroyed by
the fire, the plaintiff was wholly excused from giving a *partic-
ular* account of the loss, and a general account was received.
The defendants should have taken issue upon the replication,
and then the question whether notice was given in *due time*
might have been submitted to a jury. The requirement that
notice shall be given *forthwith* does not mean that it shall
be given *instantaneously*, but that due dilligence shall be used,
according to the circumstances of each case. Had the plain-
tiff here been absent from home at the time of the fire, and
remained absent until the 2d *April*, can there be a doubt but
that the notice given on his return would be held sufficient?

*A. Taber & S. Stevens*, for the defendants, insisted upon
the strictness of the rules of law in relation to *conditions pre-*

*cedent,* especially as applicable to policies of insurance, and cited the cases of *Routledge* v. *Burrell,* 1 H. Black. 254, *Oldman* v. *Bewicke,* 2 id. 577, note, and *Worsley* v. *Wood,* 6. T. R. 710 ; although they said the doctrine as to the effect of such conditions was not peculiar to policies of insurance, and cited Dougl. 689, 10 Johns. R. 203 and 27. The very object of a warranty is to exclude all equitable construction and prevent all question, whether it has or has not been substantially complied with : it must be literally and strictly performed. 1 Condy's Marshall, 348, 9. Nor is it a subject of inquiry whether the condition be or be not material to the risk, 6 Wendell, 438 ; but if it was, the law is well settled that *time* is of the essence of a contract. 1 Ld. Raym. 686. 15 Vesey, 248. 1 Peter's S. C. R. 455. 11 Johns. R. 476. 1 Johns. Cas. 125. Had the condition in this case required that the assured should give notice within *ten days* after the loss, would he not have been bound to aver performance within the time? and when, by the terms of the condition, notice must be given *forth-with,* shall he be allowed to delay *thirty eight* days? If an excuse could have been shown for the omission, the plaintiff would have pleaded it, or if the condition on this subject admitted of a latitude of construction, he should have taken issue upon the sixth plea, in which it is alleged that the plaintiff *did not forthwith give notice,* instead of reiterating the allegations of his declaration, and attempting by his replication ,to raise the question whether the defendants had sustained any loss by his delay. In *Cornell* v. *Le Roy,* 9 Wendell, 163, cited on the other side to show that a party may be relieved from a strict performance, the performance was prevented by the act of the opposite party ; but even there the court say there must be no unnecessary procrastination or delay ; and that there should be no unnecessary delay in giving notice of the destruction of property insured is manifest, for it is all-important to the interests of the insurers that immediate notice should be given.

*By the Court,* SUTHERLAND, J. It is well settled that the proposals and conditions annexed to a policy of insurance form a part of the contract between the parties, and have the

ALBANY,<br>
Oct. 1834.

Inman<br>
v.<br>
Western Fire<br>
Ins. Co.

ALBANY,
Oct. 1834.

Inman
v.
Western Fire
Ins. Co.

same legal force and effect as though they were in form incorporated in the body of the policy. *Routledge* v. *Burrell and another*, 1 H. Black. 254. *Wood* v. *Worsley*, 2 id. 574, and *Oldman* v. *Bewicke*, reported in note to the last case, page 577: and *Worsley* v. *Wood*, being the same case in error, 6 T. R. 710. *Duncan* v. *Sun Fire Insurance Company*, 6 Wendell, 488. 2 Coudy's Marsh. 811. The doctrine is not denied, but is conceded by the form of the pleadings in this case ; for the plaintiff sets forth the proposals and conditions in his declaration as a part of the contract, and undertakes to show a substantial compliance with them. The same cases also show that the acts required by these proposals to be done by the assured are conditions precedent, without the performance of which he cannot require payment of the loss. This was finally settled, after an elaborate argument and a mature consideration by the court, in *Wood and others* v. *Worsley*, 6 T. R. 710, in error. The proposals attached to the policy upon which that action was brought, required among other things, that the assured should give notice of the loss forthwith, and as soon as possible deliver in an account, &c. and should procure a certificate under the hands of the *minister, church wardens and some respectable householders of the parish not concerned in the loss*, importing that they were acquainted with the character and circumstances of the person insured, and knew or believed that he, by misfortune and without fraud or evil practice had sustained by such fire the loss and damage therein mentioned. The declaration averred that the plaintiffs gave notice of the loss *on the day of the fire*, and also delivered a particular account of the same ; and that on the same day they procured and delivered to the company a *certificate under the hands of four reputable householders of the parish, to the effect required in the printed proposals ; and that they applied to the minister and church wardens of the parish to sign such certificate, but that they, without any reasonable or probable cause, wrongfully and unjustly refused, and have ever since refused to sign it.* It was the unanimous opinion of the court of king's bench that this averment was not sufficient to enable the plaintiffs to recover ; that the certificate of the *minister and church warden*, by the contract between the parties, was made a condi-

tion precedent to the payment; and that it was not in the power of the plaintiffs to vary the contract by substituting a certificate made by other persons. It was admitted by the counsel for the plaintiffs (the defendants in error) that if the procuring of the certificate was a strict condition precedent, no action could accrue until they had procured it. But it was strongly contended that it was not so to be considered; that the procuring of the certificate was not a fact on which the plaintiffs' title was grounded, but was mere evidence of that title; that here the title was made out without it. It was urged that it was apparent from the whole instrument that it was the intention of the parties that the assured should recover, provided they had been guilty of no fraud; that here the loss was settled by the verdict, and all fraud negatived. It was admitted that the assured were bound to comply with the prescribed regulations and conditions as far as such compliance depended upon themselves; that here they had done every thing that was in their power to comply with them; they had given notice and delivered in an account of the loss, and procured a certificate from four reputable freeholders, and had called upon the minister and church wardens for their signatures, which they had, without any reasonable cause, refused; that the plaintiffs ought not to be prejudiced by such improper refusal—an act over which they had no control. But it was answered by Lord Kenyon, that it was clear in his judgment from the printed proposals, that the certificate there prescribed should precede payment by the insurance office; that it was therefore a condition precedent; and that where it is imposed, as a condition precedent, that any thing shall be done, not impossible in itself, no matter how improbable or difficult it may be, it must be done, or the right which was to attach on its being performed did not vest; and he put the case of a condition, that A. shall enfeoff B., and A. do all in his power to perform the condition, and B. will not receive livery of seisin; yet, he remarked that it had not been doubted, from the time of Lord Coke, that the right which was to depend on the performance of that act did not accrue. He also adverted to the imputed harshness and

ALBANY,
Oct. 1834.

Inman
v.
Western Fire
Ins. Co.

ALBANY,
Oct. 1834.

Inman
v.
Western Fire
Ins. Co.

severity of this doctrine, and remarked that these companies were subject to great frauds and impositions ; and that it was but an act of common prudence, to take all possible care to protect themselves from imposition; and that, to require a certificate from the minister and church wardens, men of character and respectability, as might be presumed, that they believed the loss had been fairly sustained, was not unreasonable ; but whether it was or not, they had a right to make it a condition of the contract, and to refuse to insure upon any other terms ; that it was the misfortune of the plaintiffs if the individuals named would not certify ; but that it gave, neither to them nor the court, a right to alter the contract. *Ashurst,* J. also held the certificate to be a condition precedent, without which the plaintiff should not recover. He also expressed the opinion that there was nothing unreasonable in requiring it ; that when the temptation to commit fraud was so great, it was an act of prudence in them to require a certificate from the minister and church wardens, persons who, from their situation in life, were not likely to assist in such fraud. Grose and Lawrence, Js. were equally clear and decided in their opinions. The latter remarked, that it appeared to him that a fire without fraud (under the contract of the parties) was not enough to give the assured a right of action ; but it must be a fire accompanied with the notice, affidavit and certificate specified in the proposals ; that the certificate produced was not even a substantial performance of the condition, admitting *that* would have been sufficient ; that it was the substitution of one certificate for another ; that it may be difficult to determine who shall be called reputable or substantial persons ; and, in order to avoid that difficulty, the insurance company insists upon a certificate from persons holding public situations in the parish ; that in his opinion there was nothing unreasonable in this : that it was a duty which the officers owed to the public as well as themselves, to take every precaution to guard against fraud ; and unless some such check as this were interposed, they would be holding out a premium to wicked men to set fire to their own houses. He was clear that it was a condition precedent and admitting the refusal of the minister and church wardens to be improper

and unreasonable, he said the cases were uniform to show that if a person undertakes for the act of a *stranger*, that act must be done. I have stated the observations of counsel and the opinions of the judges in this case somewhat at length, because they appear to me substantially to present the whole argument upon both sides of the question.

ALBANY,
Oct. 1834.

Inman
v.
Western Fi·e
Ins. Co.

In *Oldman* v. *Bewicke and others*, 2 H. Black. 577, note the declaration, instead of averring the delivery of the certificate signed by the minister and church wardens, alleged by way of excuse, that the minister, at the time of and long before the loss, resided at a distance from and out of the parish, and was wholly unacquainted with the character and circumstances of the assured, and wholly unable to make such certificate as was required by the policy; but the assured did procure and deliver to the defendant a certificate, under the hands of A., B. and C., respectable inhabitants of said parish. The defendant pleaded that the premises were wilfully set on fire by the assured, and that he had no interest in them at the time of their destruction; upon which plea the plaintiff took issue, and both the issues were found in his favor by the jury. But the judgment was arrested, for the defect of the declaration, in not averring delivery of the certificate of the minister. It was held to be a case of a defective title, and not of a title defectively set forth and therefore not waived by the plea, or cured by the verdict. All the judges who heard the cause, Lord Loughborough, and Gould and Nares, justices, held it to be a clear case of a condition precedent, in which an averment of performance was indispensable; that an excuse for performance was inadmissible.

In *Routledge* v. *Burrell*, 1 H. Black. 254, the plaintiff averred that he applied to the minister and church wardens, and to many respectable inhabitants, to procure the certificate required by the proposals, and that he was entitled to such certificate; but that the defendant, by false insinuations, induced the minister to refuse to sign it. The defendant, in his plea to the first count, denied that he had induced or prevailed upon the minister so to refuse the certificate. To the second count he pleaded generally, that the assured had not procured and delivered the certificate, &c; to which the

plaintiff demurred.  The court held the case too clear to ad-
mit of doubt, and gave judgment for the defendant.

It is well settled that where there is a condition precedent,
or a warranty in a policy of insurance, it is of no consequence
whether the thing warranted, or to be performed, is material
to the risk or not, if not performed.  The defendant has a
right to say *non hæc in fœdera veni. Fowler* v. *The Ætna Fire
Ins. Co.*, 6 Cowen, 673.  *Duncan* v. *The Sun Fire Ins. Co.*, 6
Wendell, 488.  7 Cowen, 649.  *Cornell* v. *Le Roy*, 9 Wendell,
163, and the authorities cited in those cases.  19 Johns. R. 72.
6 Cowen, 624.

It seems, then, from an examination of the preceding cases
to be well settled, that the acts required to be performed by
the proposals annexed to the policy are conditions precedent,
without the performance of which the plaintiff cannot recover
his loss: that performance must therefore be averred in the
declaration, or it will be held bad upon demurrer, or judgment
will be arrested after verdict; that no excuse can be receiv-
ed in lieu of performance, and that it will not avail the plain-
tiff, although he show that he has done every thing in his
power to comply with the condition, but has been prevented
by the unreasonable or wrongful act of a third person; and
that it is of no importance whether the risk of the defendant
is, or is not increased by the omission.  Let us now apply
these principles to the case before us.  The ninth condition,
annexed to the policy on which this action is founded, pro-
vides that all persons sustaining loss or damage by fire shall
*forthwith give notice* thereof to the company, and as soon there-
after as possible deliver in a particular account of such loss.
The declaration alleges the buildings to have been consumed
on the 23d of *February*, 1827, and that the plaintiff gave no-
tice thereof to the defendants on the 2d of *April* ensuing.
Does this satisfy the condition which requires notice to be
*forthwith* given? *Forthwith* means immediately, without delay,
directly.  In giving a construction to terms of this descrip-
tion, some regard must undoubtedly be had to the nature of
the act or thing to be performed, and the circumstances of the
case.  Where the thing required to be done is complicated,
composed of a variety of parts, incapable in the nature of

things, of being instantly accomplished by a single act or vo-

lition of the parties will be understood, when they use language of this prompt and imperative character, as intending merely that there shall be no unnecessary delay in the performance. It may perhaps be conceded that it never imposes upon the party any thing more than what is called due indulgence, under all the circumstances of the case. There must be no unnecessary procrastination or delay. *Cornell* v. *Le Roy*, 9 Wendell, 165, 6. Nothing which the law calls *laches*. The act required to be done *forthwith* in this case was simply the giving notice to the company that this building, covered by their policy, had been burned. A written notice to that effect, directed to the agent of the company and deposited in the post-office, would have been a full compliance with this condition—an act which it certainly required neither labor nor time to accomplish. No argument can illustrate the proposition, that a notice given *thirty-eight days* after the fire, was neither a literal nor a substantial compliance with this condition. Even if the law would allow of an excuse for delay, it is difficult to conceive of a reasonable apology for negligence like this.

That *time* may be deemed of the essence of a contract cannot be questioned. Indeed, as a general rule, it is so considered *at law*. If the vendor, in a contract for the sale of land, is not ready and able to perform his part of the agreement *on the day* fixed by the contract, the purchaser may consider the contract at an end, and stand discharged from its obligation. Sugd. Law of Vendors, ch. 8, p. 266. Mr. Sugden says, in sales by private agreement, it is usual to fix a time for completing the contract, which *is at law* deemed of the essence of the contract; but in certain cases *equity* will carry the agreement into execution, notwithstanding the time appointed be elapsed. *Waters* v. *Travis*, 9 Johns. R. 450. 5 Cranch, 262. *Berry* v. *Young*, 2 Esp. N. P. C. 641, note. *Cornish* v. *Rowley*, cited 1 Wheat. Selw. 137. *Bank of Columbia* v. *Hagner*, 1 Peters' R. 455, 465. And in such cases, to entitle the vendor to recover the purchase money, he must aver in his declaration performance of the contract on his part, or an offer to perform, *on the day specified* for performance; and this averment must be sustain-

ed by proof, unless the tender has been waived by the purchas-
er.   1 Peters, 467.   The case of *Lester* v. *Garland*, 15 Ves.
248, shows, that even in equity, *time* is frequently considered
as the essence of an act.   That was a bequest of the residue
of the testator's personal estate to trustees, to be paid to the
children of A., in case A. should, *within six months* after the
testator's decease, give security to the satisfaction of the trus-
tees, not to marry B., with a proviso to go over to other
relatives, if she should refuse or neglect to give such security.
*It was held that the giving the security within the six months*
was a condition precedent, without the strict performance of
which the children of *A.* could not claim the estate.   *Lanca-
shire* v. *Killingworth*, 1 Ld. Raym. 686, *and the authorities
there referred to.*   The case of *Doe, ex dem Pitt* v. *Lanning*,
4 Campb. 73, presented the question, whether a third person
could avail himself of the omission of a party to a contract, to
perform an act within a stipulated time, where the other party
to the contract did not claim a forfeiture, but had subsequently
ratified the act; and all that *Lord Ellenborough* says beyond
that point is extra-judicial.   That it is not material to an insur-
ance company to receive prompt notice, where buildings insur-
ed by them are destroyed by fire, is too clear to require argu-
ment or illustration to prove it.   All the circumstances of the
case are then fresh in the recollection of those who have any
knowledge of the transaction.   The *indicia* of fraud are then
more easily detected and developed.   A thousand circumstan-
ces, too unimportant to make a lasting impression upon the
memory, may be susceptible of proof, while the transaction
is fresh, and may afford a clue which will lead to the most im-
portant results.   Witnesses may die, or be induced to go off.
To what extent is the indulgence claimed in this case to
be carried ?   If strict diligence is not required, I see no lim-
itation.   Two, three or even six months may as well be con-
tended for as one.   It will be found, upon an examination, of
the precedents and cases, that it is uniformly averred in the
declaration, that notice of the loss was *forthwith* given, in the
very terms of the condition.   It appears to me, therefore, upon
this broad view of the case, that the plaintiff's declaration is

radically defective, and that on that ground the defendants must have judgment. It is unnecessary, therefore, to go into a consideration of the subsequent pleadings.

Judgment for defendants on demurrer.