By the Court,
Cowen, J.
Admitting that the action was properly brought in Mann’s name, and that the policy is valid notwithstanding the sale of the 23d of June, there would perhaps be no serious difficulty in the way of a recovery. The averment of preliminary proofs having been furnished by the plaintiff, and even signed by his name, might possibly be satisfied, though this is doubtful, by considering Wilson the substantial plaintiff, and therefore within the terms of the aver *190 ment. (Cornell v. Le Roy, 9 Wend. 163, 4, 5.) At any rate, I should think we might overlook the variance as being amendable. (Mappa v. Pease, 15 id. 672.) The disregarding of variances at the circuit is the subject of discretion, upon which a bill of exceptions will not lie. (Id. 673.)
But the action is brought in the name of Mann, although previous to the loss, he had sold the subject of insurance to Wilson, and had assigned the policy to the same person, the latter act having been approved by the company. It is therefore objected, first, that if any action will lie, it should have been brought in the name of the assignee; but, secondly, that none will lie in the name of any one, the assured having parted with all his interest, and the requisite steps not having been taken to renew the policy conformably to the statute of incorporation,
1. Independently of the 7th section of that statute, the policy, being a mere chose in action, was not assignable at law in any form. (16 Wend. 397; 3 Hill, 88 ; 9 Wend. 409 ; 5, id. 200, 203.) But the 7th section declares that though, when the property insured shall be alienated by sale or otherwise the policy shall be void, yet the alienee, having the policy assigned to him, may, notwithstanding, cause it to be ratified for his own use and benefit, by consent of the directors, within thirty days after the alienation, on giving approved security for what may be due on the premium note. It then declares that he shall be entitled to all the rights and privileges &c., to which the assured was entitled. One of these rights is to sue in his own name. Having parted with all his interest both in the subject matter and policy; the company, moreover, which is the debtor,, having become a party; the whole is nearly equivalent to a promise upon a new consideration to pay the amount of any subsequent loss to the assignee. If such a transaction would not give the assignee a right to sue in his own name at common law, and even divest the right any longer to use that of the assignor, yet the words of the statute arc, I think, equivalent to an express declaration that the assignee *191 may sue in his own name. The demand becomes, both at law and in equity, transferred-. The consequence is, that the plaintiff Mann should, in the case before us, have been nonsuited upon the ground that he had ceased to hold the legal interest. (See Granger v. The Howard Insurance Co. of N. Y., 5 Wend. 200, 203, and Ferris v. The North American Insurance Co. 1 Hill, 71.) The effect is, perhaps, more correctly expressed by saying, that a ratification and confirmation of the policy for the assignee’s own use and benefit, in the language of the 7th section, renders it a policy or obligation directly to the assignee himself. He thenceforth claims as the assured ; not as a mere assignee.
2. So far, I have proceeded on the assumption that all the requisite forms for transferring the legal interest were complied With i and, among other things, that the company had actually ratified the sale within thirty days from the 23d of- June ; or afterwards did what was equivalent. There is no pretence, from any direct proof, that the company actually confirmed the policy within the thirty days; nor indeed could they do so. Such ratification, to be available, must have been founded on the assignment of the policy, which was not made till more than sixty days after the sale. No effectual ratification within the thirty days can therefore be inferred from the letter of the assistant secretary, admitting he had authority to write the letter.
It is somewhat difficult to perceive why the thirty days should have been mentioned by the statute as a limitation to which the assignee and underwriters must confine themselves. The statute seems to impose no obligation on the company to renew the policy, though it should be presented, with the assignment, immediately after the sale. It declares the policy void and subject to cancellation by reason of the sale ; but that, by taking an assignment, the vendee may have a renewal in his own right within thirty days from the time of such sale. It struck me, at first, that the time was intended for the benefit of one or both of the parties to the transaction, and that it *192 might therefore be waived, as, in this view, it undoubtedly was, by the act of taking a new premium note from the assignee, and the written consent of the 7th of September. Had the statute been mandatory upon the company, to confirm upon request within thirty days, they might clearly have waived the restriction; for the limitation would obviously have been to effectuate their own safety and convenience. Quilibet potest renunciare juri pro se introducto. But that is not so. If the legislature did not mean to allow a departure from the common law rule unless such departure be within thirty days, the restriction must be regarded as one of general policy, incapable of being waived. The law might have provided that a promissory note should not be negotiated after thirty days from its date, had the legislature thought fit. In this view, the limitation of time forms, as the counsel for the defendants contended, an indispensable condition.
It is not necessary, however, to pass upon the question whether there was a legal assignment or not. If there was, we have seen that Mann was an improper party. If not, the policy was avoided by the sale, and no action lies in any form, unless the transactions between Wilson, the assignee, and the company, raised an original obligation of insurance to him independently of the statute. In any view of the case, there must be a new trial.
New trial granted.