KENDALL v. HOLLAND PURCHASE INSURANCE COMPANY.

*Fire insurance — conditions in policy — notice of loss — Agency.*

A policy of insurance against fire contained a condition that persons sustaining damage by fire " are forthwith to give notice thereof to the company." The insurance was effected through an agent of the company located in a town adjoining that in which the insured property was situated. The policy was issued through him, and contained an indorsement of his name, as agent, placed thereon by the company. *Held,* that notice of loss to such agent was notice to the company, and this was not affected by the fact that he was authorized to do business only in the town where he was located, such fact not being known to the holder of the policy.

The provision in question imposed upon the insured no more than due diligence under all the circumstances of the case.

MOTION by defendant for a new trial on exceptions taken at the Cattaraugus circuit, and ordered to be heard in the first instance at general term. The facts appear in the opinion.

*Hudson Ansley,* for plaintiff.

*George Bowen,* for defendant.

TALCOTT, J. This is an action on two policies of insurance. The first policy insured the sum of $400 ; the other the sum of $600. The policies were on two separate buildings, and the case comes here on exceptions ordered to be heard at the general term in the first instance. The policies contained the condition that persons sustaining loss or damage by fire, " are forthwith to give notice thereof to the company, stating the number of their policy." The main question in the case arises upon this condition. The office of the company is located at Batavia, in the county of Genesee. The buildings, however, were situated in the town of Redhouse, in the county of Cattaraugus, where the plaintiff resides. F. B. McAvoy is an agent of the defendant, residing at Otto, a town adjoining the town where the plaintiff resides, and where the insured buildings were situated.

The applications for the policies in question were received by said McAvoy, and by him forwarded to the company. Forthwith after the loss, the plaintiff gave information thereof to McAvoy, who

went with the plaintiff to the place of loss and there examined the matter. The preliminary proofs were subsequently served on the defendant. No question is made but what the preliminary proofs were in due form, and duly and properly served on the company. When the policies were issued by the defendant, each contained the indorsement placed thereon by the company, "F. B. McAvoy, agent, Otto, N. Y." McAvoy stated as a witness, that 'he was a local agent for the company, authorized, as we understand his testimony, to receive applications for insurance in the town of Otto, but not in the town of Redhouse. It did not appear that the defendant had any agent in the town of Redhouse, nor did it appear that the plaintiff had any notice of any limitation upon the agency of McAvoy. No objection was made to the form of the notice to McAvoy, but only that notice to him was not sufficient, the defendant claiming that notice should have been given at the office of the company in Batavia. McAvoy received the notice and went with the plaintiff to examine the premises, without any suggestion of any want of authority, or that the premises were outside of his jurisdiction, or that notice should be sent to the office of the company or given to any other agent. The company could only act or receive notice through some officer or agent, and we think the indorsement on the policy, that McAvoy was agent, was notice to the plaintiff that he might treat him as such, and that communications concerning matters arising under the policies might be made to him as such. Having no notice of any limitation upon McAvoy's powers the plaintiff was not bound by any such limitation. The question is not so much what authority the agent in point of fact had, as it is what powers persons had a right to suppose he possessed, judging from his acts and the acts of his principal.

In *Lightbody* v. *N. A. Ins. Co.*, 23 Wend. 18, it was held that an insurance company was bound by the acts of an agent outside of the places within which he was authorized to act, where the assured had no notice of any restriction to particular limits.

The provision in the policy under discussion is construed as imposing no more than due diligence under all the circumstances of the case. *Inman* v. *Western Ins. Co.*, 12 Wend. 452.

There was no error in excluding the opinions of Litchfield and Oakley as to the value of the buildings ; neither was an expert, and the testimony of each, tended to show that he had not sufficient

knowledge of the subject and the facts to render his opinion of any value.

The defendant claimed the right to have the question of the amount of damages which the plaintiff was entitled to recover submitted to the jury, without calling the attention of the court to any thing in the evidence which he claimed called for the submission of this question. All the witnesses on the subject had fixed the value of each building at more than the amount insured thereon, except one, Sheldon Ware, who said of the smaller building, upon which the insurance was $400, that it was worth "about $300 or $400, perhaps." And the defendant's counsel now claims, that by reason of this expression of the witness, the question whether the smaller building was worth $400 was left in such uncertainty that it ought to have been submitted to the jury. We do not think the expression of the witness amounted to, or was intended as, any contradiction of the other witnesses. And, at all events, the counsel should have called attention to it if he thought it had any such effect.

The form in which the request was made was calculated to mislead the court, and not to inform it that the defendant's counsel claimed that there was any evidence that the value of the smaller house was less than the amount insured upon it. On the whole we think there is no occasion to order a new trial, and the motion must be denied and judgment ordered for the plaintiff on the verdict.

*Judgment accordingly.*