STEPHEN M. SHERWOOD, Administrator, etc., Respondent, v. THE AGRICULTURAL INSURANCE COMPANY OF WATERTOWN, NEW YORK, Appellant.

*Policy of insurance — transfer of interest by assured — when policy avoided by — Notice of loss — laches in presenting — excuses for.*

This action was upon a policy of insurance, issued by the defendant, containing a condition that "if, without the written consent of the company first had and obtained, the said property shall be sold or conveyed, or the interest of the parties therein be changed in any manner, whether by act of the parties or by operation of law, * * * then, and in every such case, and in either of said events, this policy shall be null and void." The assured died in 1872, and devised the property to his brother. The loss occurred in 1874. *Held,* that as the interest of the assured in the property had ceased, and he had transferred the same to another person before the occurrence of the loss, no action could be maintained upon the policy.

The policy provided that "in case of loss the assured shall give immediate notice thereof to the company." No proofs of loss were given in this case, until after the expiration of five months. *Held,* that the policy was thereby avoided.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury.

This action was brought upon a policy of insurance issued by the defendant. The policy provided that "if any other insurance has been or shall hereafter be made upon the property hereby insured, not consented to by this company in writing hereon; or if, without the written consent of this company first had and obtained, the said property shall be sold or conveyed, or the interest of the parties therein be changed in any manner, whether by act of the parties or by operation of law; or the property shall become incumbered by mortgage, judgment or otherwise, * * * then, and in every such case, and in either of said events, this policy shall be null and void;" and that "in case of loss the insured shall give immediate notice thereof to the company, stating the number of the policy and name of the agent. Any neglect to comply with these provisions, or any misrepresentations, or concealment, or fraud, or false swearing, in any statement or affidavit in relation to loss or damage, shall forfeit all claim upon the company by virtue of this policy, and shall be a full bar to all remedies upon the same."

*Starbuck & Sawyer*, for the appellant.

*M. L. Cobb*, for the respondent.

GILBERT, J. :

It appears from the findings of fact, that the assured died on or about November 2, 1872; that the loss occurred August 27, 1874; that the assured left a will, by which he gave the property insured to his brothers, and that each of the policies upon which the action is founded contains the following conditions, namely: "If any other insurance has been or shall hereafter be made upon the property hereby insured, not consented to by this company, in writing, hereon, or if without the written consent of the company first had and obtained, the said property shall be sold or conveyed, or the interest of the parties therein be changed in any manner, whether by act of the parties or by operation of law, or the property shall become incumbered by mortgage, judgment or otherwise, then and in every such case and in either of said events, this policy shall be null and void." The limitation of this condition to a change of title otherwise than by will, is not, we think, warranted. Nor does the language of the condition require a construction which renders the written consent of the insurer to the death of the assured, a prerequisite to the continued operation of the policy. A more reasonable construction is, that such consent is necessary only in case of a sale or conveyance of the property insured, and that the prohibition of other modes of transfer is absolute. Such is the grammatical sense; and it is but just to infer that the parties to the contract did not intend to provide for obtaining a preliminary consent in the other cases mentioned in the condition. Consent of the insurer would afford complete protection to the assured and all claiming under him, although not provided for in the policy.

Such being the contract between the parties, and it being a perfectly valid and reasonable one, the defendant has a legal right to have it carried into effect. (*Savage* v. *Howard Ins. Co.*, 52 N. Y., 504; *Perry* v. *Lorillard Ins. Co.*, 61 N. Y., 214.)

There is no ambiguity in the language employed. If the interest of the insured in the property insured should be changed in any manner, whether by his own act or by operation of law, the policy

should become null and void.   When the loss occurred the property did not belong to the assured or his legal representatives, but had, by means of his act, been transferred to others.   Plainly, therefore, such change in the ownership of the property annulled the policy, and, by the explicit terms thereof, the liability of the defendant under it wholly ceased.   The case of *Lappin* v. *The Charter Oak Ins. Co.* (58 Barb., 325) is an authority directly in point, and we concur entirely with the reasoning and conclusion on this subject expressed in that case.

We are of opinion, also, that the court below improperly overruled the defense based upon the omission to give immediate notice of the loss.   Five months elapsed after the fire before the notice was given.   A notice at that time was clearly insufficient to exonerate the plaintiff.   (*Inman* v. *Western Fire Insurance Co.*, 12 Wend., 452; *McEvers* v. *Lawrence*, 1 Hoff. Ch. R., 172.)   The excuse offered was sufficient to exonerate the plaintiff from blame, but it cannot be taken as a legal substitute for the performance of the condition requiring "immediate notice" to be given.   Such condition is a precedent one, the non-performance of which precludes a recovery by the plaintiff.   Accident or misfortune happening to the party who is bound to perform such a condition, unless caused by the adverse party, will not excuse performance.   (*Oakley* v. *Morton*, 1 Ker., 25; *Harmony* v. *Bingham*, 2 id., 99; *Tompkins* v. *Dudley*, 25 N. Y., 272.)

The discrepancy between the actual value of the property, as agreed upon by the parties, and that set forth in the proofs of loss, is, certainly, strongly indicative of fraud; but as the case does not contain a finding on that subject, or the evidence relating to it, we think that question is not properly before us.

The judgment must be reversed, and a new trial granted, with costs to abide the event.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment reversed and new trial granted at Circuit, costs to abide event.