McCall, Administrator, vs. Merchants' Insurance Company.

## No. 6687.

## W. J. McCALL, ADMINISTRATOR, vs. MERCHANTS' INSURANCE COMPANY.

The burden of proving seasonable and proper notice of the loss .by fire, under the terms of the policy of insurance, or valid reasons for not giving such notice, is upon the insured.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor, J.*

*J. O. Nixon, Jr.,* for Plaintiff and Appellee.

First—The law does not favor forfeitures, but leans strenuously towards holding insurance companies to the payment of legitimate losses.

Second—" When notice of loss is required to be given *forthwith*, or *at once*, these terms are not to be construed with absolute strictness, so as to require a literal compliance, but, reasonably, in view of the loss, and the circumstances surrounding it." Wood on Insurance, § 412, 693. See, also, § 414; May on Insurance, 565.

Third—When the insured, immediately after the fire, was wrongfully arrested and imprisoned for arson, and prosecuted and brought to trial, these circumstances will excuse, pending such proceedings, delay in furnishing notice, or proof of loss under the policy.

Fourth—When delay complained of has been caused or contributed to by the insurer, it is estopped from setting it up. "In other words, the insurers will not be allowed to insist upon a deficiency, which they have contributed to produce." May on Insurance, § 469 p. 574.

Fifth—Where the individual interests of the agent become such that they do, or may conflict with those of his principal, he loses the right of representing the latter in matters where such conflict may or does exist. Story on Agency, § 219.

Sixth —" There would seem to be no doubt, that whenever the insurer has done or said that which is calculated to mislead the insured, or induce him to believe that proofs of loss would be of no avail, and are not required, such acts operate as a waiver, etc." Wood on Ins., § 419, p. 724.

Seventh—Where the property insured belonged to a community, both spouses being dead and represented by an administrator, and the property is insured in the name of the husband's estate alone, this is sufficient, and the applicant need not disclose the residuary interest of the wife, unless specially interrogated upon that subject. 17 La. 238; 12 An. 222; 21 An. 486; 23 An. 424; 25 An. 380; 26 An. 294; 26 An. 230; 26 An. 391.

Eighth—When the insured at the time of making application for the policy explained fully the character of his title to the clerk of the insurer, who fills out the application and declines or neglects to include some of the statements in the application, upon the ground that it is unnecessary, the insurer is estopped from setting up the omission as a forfeiture of the insurance. Insurance Co. vs. Wilkinson, 13 Wallace, 323; May on Ins., p. 610 ; Wood on Ins., pp. 277, 278.

McCall, Administrator, vs. Merchants' Insurance Company.

*Miller, Finney & Miller* for Defendant and Appellant.

The assured forfeits his rights under the policy if he fails to comply with its condition requiring notice and proofs of his loss to be furnished forthwith.

First—"Forthwith " means a reasonable time.

Second—To constitute a waiver of the condition, there must be some act done by the assured clearly evincing that waiver.

Third—The pendency of a prosecution against the assured for arson, charged to have been committed with respect to the property insured, does not dispense or excuse the non-compliance with the condition of the policy.

Fourth—A policy in favor of the estate of J. O. M. covers only the one half of the deceased on the community property, when his wife had died before him and before the taking out of the policy, leaving heirs.

Fifth—property thus held by the heirs of the deceased wife, and the estate of the husband in equal portions, is misdescribed in an application for insurance, as property of the estate of the husband, and misdescription avoids the policy.

*Thomas H. Kennedy* on same side.

First— Policy void, *ab initio*, because containing no mention of the interest of Mrs. McCall's succession. See condition 16, Rec. p. 17.

Second—Interested, uncorroborated, testimony of plaintiff incompetent; if not incompetent, insufficient to vary and expand the contract so as to embrace interest of Mrs. McCall's estate.

Third—Plaintiff without remedy, except by action to reform policy. In such an action, with such testimony, he would fail; he must fail here.

Fourth—His testimony here, if competent and entirely reliable, could only save the contract, as made, from forfeiture by reason of concealment.

Fifth—The contract, as made, covers only the interest of J. O. McCall's estate, equal to one-half the amount insured. If not void *ab initio*, nor forfeited by subsequent events, it belongs jointly and equally to plaintiff and his brother Thomas, unconditional heirs in possession of Mr. McCall's estate. Unempowered to represent Thomas, plaintiff can recover, at best, only one fourth of the whole amount insured, with interest from judicial demand. Condition 15, Rec. p. 17.

NOTE—The question "whose agent was, 'clerk,' in writing application," involved in the foregoing, is discussed in the brief.

Sixth—Policy, if originally good for whole amount, forfeited by failure to comply with essential conditions precedent to give notice of loss "forthwith," and furnish proof and nearest magistrate's certificate "as soon after loss as possible." Condition 8, Rec. p. 14.

Seventh—In the petition, no averments of excuses for untimely notice of loss, or untimely proofs of loss; in the evidence, no sufficient showing of excuses for either.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   On the 14th of April, 1873, the defendant issued to the plaintiff, in his official capacity, on payment of the premium, a policy of insurance for $6300 on buildings belonging to the estate, which he was administering.

On the 25th of May following, a fire broke out in the buildings, which resulted in a total destruction and loss.

On the 21st of May following (1874) nearly *a year* after the occurrence, the plaintiff, alleging a state of facts disclosing a right of action, sued the company for the amount of the insurance.

The defense is the general issue; the discharge of the company by the failure of the plaintiff to give the notice and furnish the proof of loss required by the terms of the policy; deception on the part of plaintiff in this, that only one half of the property insured belonged to the succession of J. O. McCall, and the limit, in any event, of the liability of the company to that half.

The reply is, that the plaintiff was prevented by the contributory acts of the defendant from giving the notice and proving the loss seasonably; that the company had sufficient knowledge; that the policy covered, under the verbal understanding at the time, and without it, under the law, the interest of the successions of both, husband and wife, in the property insured.

There was judgment for the plaintiff, and the defendant has appealed.

The policy contains the following provision, which forms an *essential* condition of the contract:

"Persons sustaining loss or damage by fire shall *forthwith* give notice thereof in writing to the company."

The meaning and purport of the word "*forthwith*" has often been the subject of judicial interpretation. Courts have considered that it contemplated *reasonable* delay, but that, at times, under certain circumstances beyond the control of the insured, excuses were admissible to justify its omission. 8 R. 446; Woods on Ins. 411 *et seq.*; May on Ins. 565; Flanders on Ins. 512.

The death of the assured, his non-residence, his absence, his ignorance of the fact, his confinement by an injury, his insanity, the refusal of the insurer to surrender papers, have been accepted as sufficient justifications for delays of notice and preliminary proof. 74 Penn. St. 17; 17 Iowa, 176; 3 Bush, Ky., 33; 31 Wis. 161; 47 Mo. 54; 11 Mo. 291; 12 Wallace, 433; 9 Wend. 163.

Due diligence is always required, under the circumstances of each case. Wood, 696.

The excuse offered by the plaintiff is, that he was prevented by the act of the defendant from giving the notice and furnishing the proof.

The evidence shows that the plaintiff was, on a charge of arson, arrested, tried and acquitted. The plaintiff says that he was *imprisoned* under the charge, which was a capital offense, and claims that the condition of his mind was such that he could not give the notice sooner than he did, i. e. seven months after the occurrence, and that he was prosecuted at the instance of the defendant.

We find no evidence that the plaintiff was imprisoned; that his mind was deranged; and none that the company caused the prosecution.

If it be true that the plaintiff remained in *duress* during the seven months which intervened between the fire and the notice, which he

gave after his acquittal, that circumstance could not of itself justify the absence of a proper and seasonable notice. The first thought that should have come to the mind of the plaintiff after the excitement and emotions of the moment had subsided, should have been, in vindication of his innocence of the offence charged, to have formally asserted that sentiment by notifying the company of the fire, and by signifying his intention to hold it responsible, the more so, as he occupied a *fiduciary* capacity, and, no doubt, was in frequent consultation with counsel.

Under the requirement that notice shall *forthwith* be given, it has been held that a delay of six, eleven, eighteen, twenty days, a month, five weeks, four months, was fatal. 12 Wendell, 452; 7 Jones Law; 44 Ind. 460; 6 Blatch. 249; 20 Barb. 468; 5 Casey, 198; 3 Gill, Md., 176; 11 Mo. 278; 18 Ill. 553; Wood on Ins. 696, 701; Flanders on Fire Ins. 512.

In this case the fire occurred on the 25th of May, 1873, and the notice was given in the latter part of December following, more than seven months after the occurrence.

Knowledge of the accident by the company does not dispense with the notice required by the contract from the insured, and which should be in *writing.* Wood, 414, 699.

There is nothing to show that the company authorized, still less instigated, the prosecution. The petition is reticent on the subject of excuse. If no averment was necessary it certainly was essential to prove not only the fact but to establish *also* that the company designed by such prosecution to intimidate the insured, so as to frighten him out of all intention of claiming and recovering the amount of the insurance.

The burden of proving seasonable and proper notice was upon the plaintiff. He has not done so. Griswold Fire Underwriters Test Book, pp. 524, 594; 12 Wend. 452; Wood, 701; 13 Maine, 265; 26 O. St. 74; 2 Woods, C. C. 272.

We do not find that the company has contributed to the delay set up in exoneration by the plaintiff.

It is not probable that the company ever could have conceived that by prosecuting and intimidating the plaintiff a surrender of rights to recover on the loss could have been accomplished. The plaintiff was acting in a *fiduciary* capacity as administrator of a succession, and could not, by any act of his, have legally prejudiced the interest which he represented officially.

We think the plaintiff cannot recover. Wood, 413, 414.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be reversed, and that there be judgment in favor of defendant rejecting plaintiff's demand with costs.