Simon Paltrovitch, Respondent, v. The Phœnix Insurance Company of Hartford, Conn., Appellant.

*Fire insurance policy — certificate of "the magistrate or notary living nearest the place of the fire."*

A condition in a policy of fire insurance that "the insured should, if required, furnish a certificate of the magistrate or notary living nearest the place of the fire, stating that he has examined the circumstances, and believes, the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify," should receive a practical, reasonable construction; and when the insured, after a fire, in a large city, has in good faith obtained a certificate from a notary residing and doing notarial business near the place of the fire, being the nearest official he can find after diligent search, and has voluntarily sent such certificate to the insurance company, with his proofs of loss, and the company, after retaining it some twenty days, has returned it, with a notice that the insured was required to furnish the certificate mentioned in the policy, and that the company refused to accept the certificate which had been sent, because it was not made by the magistrate or notary nearest the place of the fire, but not informing the insured of any nearer official, the company is to be deemed to have waived a literal compliance with the condition.

*Inman* v. *Western Fire Ins. Co.* (12 Wend. 452), and *Gilligan* v. *Commercial Fire Ins. Co.* (20 Hun, 93), distinguished.

Appeal by the defendant, the Phœnix Insurance Company of Hartford, Conn., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Erie county on the 25th day of February, 1892, upon the verdict of a jury rendered at the Erie Circuit, and from an order denying the defendant's motion for a new trial, made upon the minutes of the court, entered in said clerk's office on the 15th day of April, 1892.

*C. M. Bushnell*, for the appellant.

*Moses Shire*, for the respondent.

Lewis, J.:

Defendant issued two policies of fire insurance to the plaintiff.

One of them covered the stock of goods of plaintiff in his store, for the amount of $2,000.

The other was for $1,100, and covered his household furniture, clothing, etc.

The property insured was in plaintiff's building upon Williams street in the city of Buffalo.

A fire occurred on the 11th of May, 1891, which totally destroyed a portion of the insured property, and damaged other parts thereof, and this action was brought to recover $2,525.75.

The jury rendered a verdict for the plaintiff in the sum of $1,100.

If the plaintiff was entitled to recover, the defendant has no cause for complaint as to the amount of the verdict.

The serious question presented by this appeal arises under a condition of the policies providing that the insured " shall also, if required, furnish a certificate of the magistrate or notary public * * * living nearest the place of fire, stating that he has examined the circumstances, and believes the insured has honestly sustained loss to the amount that such magistrate or notary public shall certify."

Proofs of the loss were made out in due form and served upon the company June 15, 1891. Accompanying the proofs was the certificate of A. J. Roehner, a notary, in form as required by the policies, to the effect that he was acquainted with the character and circumstances of the insured, and believed that he had without fraud or evil practice sustained loss and damage on the property insured to an amount mentioned, which was larger than that claimed by the plaintiff in his complaint.

The proofs, including the certificate, were retained by the company until the 8th day of July, 1891, when they were returned to the plaintiff, with a written notice to the effect that he was required to furnish to the company the certificate mentioned in the policy, and the notice further stated that the company refused to accept the certificate of Mr. Roehner, voluntarily served by the plaintiff, on the ground that he was not the nearest magistrate or notary to the place of the fire.

The company had not theretofore required the plaintiff to furnish any certificate.

The plaintiff testified that after the fire occurred he made search for the nearest notary to the place of the fire ; that he inquired in a good many places, and the people said they did not know of any notary nearer to the place of the fire than Mr. Roehner ; that Mr. Roehner resided on Broadway, a block or a block and a half away from the place of the fire (the distance from the fire being 1,455 feet) ; that he was a real estate and insurance agent, and had a notary's sign out at his place ; that Mr. R ehner had made out the proofs of loss for the plaintiff ; that he supposed and believed, after making these inquiries, that he was the nearest notary to the place of the fire.

The defendant introduced evidence showing that there were three notaries whose residences were nearer to the place of the fire than that of Mr. Roehner.

None of them were housekeepers, but all boarded and lodged with their parents in the neighborhood of the fire.

Neither of them had any notarial sign at his residence.

Two of them testified that they never did any business as notaries at their residences.

The other one testified that he did sometimes accommodate his neighbors at his home by taking their acknowledgment or an affidavit.

They were all lawyers, having their offices in the business part of the city, from a half to three-quarters of a mile from their residences

This provision of the policy should receive a practical, reasonable construction.   Its purpose is to protect the company from fraudu lent claims made against it

It was said by Ch. J. Nelson, in *Turley* v. *North American Fire Ins. Co.* (25 Wend. 378), in speaking of a similar clause in a policy, "This clause of the contract of insurance is to receive a reasonable interpretation ; its intent and substance, as derived from the language used, should be regarded.   There is no more reason for claiming a strict, literal compliance with its terms than in ordinary contracts.   Full legal effect should always be given to it for the purpose of guarding the company against fraud or imposition.   Beyond this we would be sacrificing substance to form, following words rather than ideas."

In speaking of the facts of the case the judge continues:

"The magistrate, it appears, resided some three or four blocks north of the place of the fire, and kept his office or place of business two or three blocks south, usually passing it several times daily. A case can scarcely be imagined where the locality of the officer would afford a better opportunity to acquire knowledge of the facts to which the certificate relates. An alderman of the city resided across the street and nearer to the fire than Judge Lansing; but whether nearer than his office is not stated. The latter place may be regarded in ascertaining the magistrate most contiguous within the meaning of the condition. His business relations arising out of his official and professional pursuits transacted there will be presumed to afford the requisite information as far as locality is concerned. For all the purposes of the condition it is the place most favorable to the company.

"It seems the residence of a notary happens to be a few feet nearer the fire than the office of the judge, and we are asked to go into a nice calculation of distances and settle the point upon the laws of mensuration. *De minimis*, etc., is a sufficient answer to this objection. The spirit of the condition requires no such mathematical precision from the assured. Its object is completely secured by the proximity of the certifying magistrate."

It was incumbent upon the plaintiff to use due diligence to find the nearest notary to the fire and obtain his certificate, as required by the policy.

The policy calls for a certificate from a notary or magistrate living nearest the place of the fire.

If the word "living" is used as synonymous with "residing" then it is certain the certificate was not made by the nearest notary.

If the purpose of the provision is to secure a certificate from a notary whose place of business is nearest to the fire, an officer who could be found during business hours, then Mr. Roehner was the nearest notary.

So far as appears from the case, Roehner's certificate was as effectual a protection to the company against fraud as the certificate of either of the other notaries would have been.

The company having ascertained that there were notaries residing

nearer the fire than Roehner, after retaining the proofs for some twenty-three days, returned them to the plaintiff, as above stated.

The notice failed to give the plaintiff the information the company had obtained.

If a certificate from Mr. Schattner, who was the notary residing nearest the fire, was really desired by the company, his certificate would probably have been furnished, if the plaintiff had been informed of the facts.

The notarial certificate, as we have seen, was furnished by the plaintiff voluntarily, the company not having called for it.

If it had been made by the nearest officer to the fire, the company would not have been justified in calling for a new certificate.

Had the new certificate demanded been furnished, it would have had the effect to extend the time for the payment of the loss, twenty-three days.

A month or more after the return of the proofs of loss, the defendant, under a clause in the policy permitting it, required the plaintiff to appear before a referee and submit to an examination as to his loss.

It is claimed by the respondent that this was a recognition of the validity of the policies, and that defendant thereby waived its previous right to insist upon a forfeiture, and we are referred as authorities for this claim to the cases of *Titus* v. *Glens Falls Ins. Co.* (81 N. Y. 418, 419); *Carpenter* v. *German-American Ins. Co.* (47 N. Y. St. Repr. 865).

The policies, however, in those cases did not contain the provision found in this policy, to the effect that the requiring of such an examination should nòt waive a forfeiture.

The jury found, upon evidence sustaining their finding, that the plaintiff in good faith obtained the certificate from the nearest officer he could find after diligent search, and that by so doing he complied with the provisions of the policy in that regard; and we think in view of this finding, and the retention of the proofs of loss, including certificate, by the company for so long a time, and the failure of the company to advise the plaintiff of the information it had obtained as to the residences of the notaries residing nearer the fire than did Roehner, it should be held to have waived the literal compliance with the condition in question.

The facts of the case of *Gilligan* v. *Commercial Fire Ins. Co.* (20 Hun, 93), relied upon by the appellant, are unlike the facts here. The property insured in the *Gilligan* case was in the small village of Fairhaven, Vt., where the residences and places of business of all the magistrates and officials, we must assume, were well known to the plaintiff. He failed to furnish a certificate from the nearest magistrate, and no excuse appears in the case for his failure so to do.

An objection was made to the certificate for that reason by the insuring company and the plaintiff failed to furnish another certificate.

The decision in that case was placed upon the authority of *Inman* v. *Western Ins. Co.* (12 Wend. 452).

Justice LEARNED, in his opinion, says, that while it seemed to him iniquitous for the company to insist on the letter of such a provision, he felt bound by the decision in the *Inman* case. The policy in the *Inman* case provided that, "The assured sustaining a loss or damage by the fire shall forthwith give notice thereof to the insurer."

The fire occurred on the twenty-third day of February, and notice of loss was not given until the second day of April following, and the court held that the insured had failed to comply with the provisions of the policy in giving the notice, and put its decision upon that ground.

The case at bar, we think, can be distinguished from these cases.

The judgment and order appealed from should be affirmed.

All concurred.

Judgment and order appealed from affirmed.