GEORGE BENNETT et al., Administrators, etc., Respondents, *v.* THE LYCOMING COUNTY MUTUAL INSURANCE COMPANY, Appellant.

A policy of fire insurance contained a provision that in case of loss the insured should "forthwith give notice" thereof to the secretary of the company, and within thirty days thereafter deliver to the secretary a particular account thereof. Some two months after it was issued, the insured delivered the policy to an agent of the company for the purpose of having its consent to an alteration in the property insured indorsed thereon. The agent forwarded it to the company, which retained and canceled it; of this the insured had no notice. The property was destroyed January twentieth, the local agents of the company were notified in a day or two, and the general agent shortly after. The insured had no knowledge that any further notice was necessary. On February fifteenth, they called at the office of the company and procured a blank policy, thus learning for the first time what notice was required; this they immediately gave, and furnished proofs of loss February nineteenth. In an action upon the policy, *held*, that the word "forthwith" did not mean immediately or instantaneously, but within a reasonable time, or with reasonable diligence, dependent upon the circumstances of the case; that, under the circumstances, the notice given was within reasonable time, and so "forthwith" within the meaning of the policy; and that the proofs of loss were furnished within the prescribed time.

The trial court held, as matter of law, that notice was not given within a reasonable time, but left it to the jury to find whether there had been a waiver of notice. The only fact upon which a waiver could be predicated was, that when notice of loss was given to the secretary, he claimed the company had no risk upon the property, and did not raise the question that the notice was too late. *Held*, error; that the facts did not show a waiver; but that, as the notice was given in accordance with the requirements of the policy, defendant was not harmed by the rulings of the court; and so the error was not ground for reversal

(Argued October 5, 1876; decided November 14, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment in favor of plaintiff, entered upon a verdict.

This was an action upon a policy of fire insurance issued by defendants to Oakley, Clapp & Co., upon property at

Horseheads, New York. After loss, the claim was assigned to plaintiff's intestate.

The facts pertinent to the questions discussed appear sufficiently in the opinion.

*J. McGuire* for the appellant. The judge erred in submitting the question of waiver to the jury. (*Underwood* v. *Farmers', etc., Ins. Co.,* 57 N. Y., 500; May on Ins., 618, 621; *Sec. Ins. Co.* v. *Jay,* 22 Mich., 467; *Patrick* v. *Farmers' Ins. Co.,* 48 N. H., 621; *St. L. Ins. Co.* v. *Kyle,* 11 Mo., 278.) It was no part of the secretary's business to waive the condition, and his action or silence, when the notice was handed to him, could not bind the company. (*Fay* v. *Noble,* 12 Cush., 1, 11; *Lester* v. *Webb,* 1 Al., 84.)

*W. L. Dailey* for the respondents. Defendant, as matter of law, waived payment of premium. (32 N. Y., 622; 35 id., 133; 55 Barb., 473; 57 id., 521; *Sheldon* v. *F. and M. Ins. Co.,* 26 N. Y., 464.) "Notice of loss forthwith" means reasonable notice under all the circumstances, and the notice given was such. (*Roumage* v. *Mech. Ins. Co.,* 1 Green [N. J.], 110; *N. Y. C. Ins. Co.* v. *Nat. Pro. Ins. Co.,* 20 Barb., 475; *Clark* v. *N. E. Ins. Co.,* 6 Cush., 43, 445; *Taylor* v. *Mer. Ins. Co.,* 57 Barb., 518; 56 N. Y., 565; *Dohn* v. *Mer. Ins. Co.,* 5 Lans., 277; *Post* v. *Ætna Ins. Co.,* 43 Barb., 451; *Underwood* v. *F. J. S. Ins. Co.,* 57 N. Y., 500; *Bumpstead* v. *Mut. Div. Ins. Co.,* 12 id., 81; *Inland Ins. and Dep. Co.* v. *Stauffer,* 33 Penn. St., 397; *West Branch Ins. Co.* v. *Hilfesstein,* 40 id., 289.)

EARL, J. The policy contained conditions that in case of loss the insured shall forthwith give notice thereof to the secretary of the company, and within thirty days after the loss shall also deliver to the secretary a particular account of the loss. It is claimed on the part of the defendant that neither of these conditions was complied with.

The defendant was a Pennsylvania company, and in 1869

Strand & Brown were its local agents at Montrose in that State. They gave Nichols, who did business at Elmira, in this State, authority to receive applications for insurance for them, and for that purpose furnished him with blank applications. Oakley, Clapp & Co., to whose rights plaintiffs have succeeded, delivered their application for insurance to Nichols, and he forwarded it to Strand & Brown, and they forwarded it to the company. It then issued the policy and sent it to Strand & Brown, and they delivered it to Nichols, and he to the insured, Oakley, Clapp & Co. The policy took effect April first. They retained the policy until June, when desiring to make some alterations in the insured property, they made application to Nichols for the consent of the company, and delivered to him their policy to have the consent indorsed thereon. The policy was forwarded to the company, and it retained the policy and canceled it. The insured several times applied to Nichols for the policy and it was not returned to them, and they had no notice that it had been canceled. On the 20th of January, 1870, the property was destroyed by fire. Shortly before the fire, Baldwin & Wells had been appointed local agents of the defendant near the property insured, and the insured gave them notice of the fire in a day or two after its occurrence and the general agent of the company, who received information of the fire, shortly there-, after visited the location of the insured property and had an interview with one of the insured about the loss. The insured, not having possession of the policy, had no knowledge that any other or further notice was necessary, and first learned that they were required to give the notice to the secretary of the defendant on the fifteenth of February after the fire. They then called at the office of the company and asked to see the policy which had been issued to them, and being refused, they asked for a blank policy like the one which had been issued, and that being furnished, they first learned that the notice was required to be given to the secretary, and they immediately gave it. This notice was given on the twenty-sixth day after the fire; and the question is, whether,

under all the circumstances, it was given "forthwith," within the meaning of the policy. The word "forthwith" does not here mean immediately or instantaneously after the fire. It means, and has been held to mean, within a reasonable time or with reasonable diligence after the fire. (*N. Y. Cen. Ins. Co.* v. *Nat. Protection Ins. Co.*, 20 Barb., 468; *Inman* v. *Western Fire Ins. Co.*, 12 Wend., 452.) What is a reasonable time depends upon all the circumstances of the case. Here the notice having been given to the defendant's agents and no suggestion made by them that any other notice was required, and the general agent and adjuster of the defendant also having had notice of the fire, and having visited the locality and conversed with one of the insured about the loss, the insured had no reason to suppose that any other notice was necessary; and the policy being, without their fault, out of their possession, they did not know what it required. Hence the giving of the notice to the secretary as soon as they learned, by the exercise of reasonable diligence, that it was necessary, was, under the circumstances of this case, within a reasonable time, forthwith, within the meaning of the policy.

It is true that the judge at the Circuit held, as matter of law, that the notice had not been served within a reasonable time, and left it to the jury to find that the notice had been waived. The only facts of which a waiver could be predicated are that when the notice of loss was given to the secretary on the twenty-sixth day after the fire, he claimed that the company had no risk upon the property destroyed and did not take the ground that the notice was too late. These facts do not show a waiver of notice. The secretary, believing that the policy had been properly canceled and that the risk had been thus terminated, took that ground and said nothing about any other. No other ground of defence was waived. The insured were not misled. If the notice, when served, was too late, there was no way in which they could remedy it. The sole question was whether the notice was served in a reasonable time, and the facts being undisputed, that was a question of law which the judge should have determined in favor of

the plaintiff. (*Roth* v. *The Buffalo and State Line R. R. Co.*, 34 N. Y., 548; *Hedge* v. *The Hudson River R. R. Co.*, 49 id., 223; *Witbeck* v. *Holland*, 45 id., 13.) No harm, therefore, was done to the defendant by the disposition of this question of notice at the Circuit.

The proofs of loss were furnished to the company on the thirtieth day after the fire. The fire occurred on the twentieth day of January and the proofs were furnished on the nineteenth day of February, and, hence, the claim that they were not furnished in time is unfounded.

The judgment must be affirmed, with costs.

All concur.

Judgment affirmed.