PERCY O'BRIEN, Appellant, *v.* THE PHŒNIX INSURANCE COMPANY, Respondent.

A policy of fire insurance contained a provision requiring the assured to "forthwith give notice" of a loss, and as soon after as possible render a particular account of such loss. The owner of the property was an infant, under fourteen years of age. A loss having occurred, a notice of loss, signed by the mother of said infant, stating that the property insured by said policy, which was described by its number, had been destroyed by fire, was served upon defendant. No objection or offer to return the same was made. *Held*, that this was a sufficient notice.

The property insured consisted of the furniture and stock in a hotel, consisting of many items. The loss occurred March 8, 1876. Proofs of loss were prepared by L., an insurance agent, and by the mother, who was after the fire appointed general guardian of the owner, and who occupied the premises. She swore to the affidavit attached April 18, 1876, and

left the papers with L. to serve. He retained them for the purpose of satisfying himself that the statements were correct, until May 16, 1876, when he caused them to be served. The proofs were not returned, nor was any notice given that they were not satisfactory. *Held,* that the omission to serve the proofs at an earlier period was not, under the circumstances, a direct breach of the provision requiring proofs as soon as possible, and an absolute bar to a recovery; but the question as to whether the delay was unreasonable or not was one of fact for the jury.

(Argued February 20, 1879; decided March 13, 1879.)

APPEAL from judgment of the General Term of the City Court of·Brooklyn, affirming a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial.

This action was brought upon a policy of fire insurance upon buildings occupied as a hotel, with the furniture, fixtures and stock.

The facts appear sufficiently in the opinion.

*Henry J. Schenck,* for appellants. The proofs of loss furnished were sufficient and were served in time. (*Brink* v. *Hanover F. Ins. Co.,* 70 N. Y., 593.) Any ambiguity in the policy must be taken most strongly against the insurer. (*Hoffman* v. *Ætna F. Ins. Co.,* 32 N. Y., 405; *Fowkes* v. *M. and L. Ass.,* 3 B. & S. [2 B.], 917; *Dilliber* v. *Home L. Ins. Co.,* 69 N. Y., 263, 264; *Clinton* v. *Hope Ins. Co.,* 45 id., 454.) A separate contract was made by defendant with plaintiff by the mortgagee clause, which superseded inconsistent portions of the policy. (*Hastings* v. *West. F. Ins. Co.,* 73 N. Y., 141.) The word "forthwith," as used in the policy, means within a reasonable time. (*Bennett* v. *Lyc. F. Ins. Co.,* 67 N. Y., 274; *Cornell* v. *Le Roy,* 9 Wend., 163; *Walsh* v. *Wash. Ins. Co.,* 32 N. Y., 427; *Hoffman* v. *Ætna Ins. Co.,* id., 405.) Although the policy is void as to personal property, it is valid as to the buildings, as they are referred to separately and are insured in separate sums. (*Merrill* v. *Ag. Ins. Co.,* 10 Hun, 428; affirmed, Ct. App., May, 1878.) Plaintiff's acceptance of the proofs without

objection, and its retention of them and its failure to base
its refusal to settle upon any alleged violation of the contract,
was a waiver. (*Owen* v. *Farmers' Joint St. Ins. Co.*, 57
Barb., 518; S. C., 10 Abb. Pr. [N. S.], 166, note; 57 N.
Y., 506; *Goodwin* v. *Mass. M. L. Ins. Co.*, 7 Weekly
Dig., 181.)

*N. B. Hoxie*, for respondent. The omission to serve
the notice of loss, as required by the policy, was a breach
of one of its conditions and an absolute bar to a recovery.
(*Inman* v. *West. Ins. Co.*, 12 Wend., 452; *Mellen* v. *Ham-
ilton Ins. Co.*, 17 N. Y., 609, 617; May on Ins., § 462;
*Blossom* v. *Lycom. Ins. Co.*, 64 N. Y., 162; *Underwood* v.
*Far. Ins. Co.*, 57 id., 500; *Bennett* v. *Lycom. Ins. Co.*, 67
id., 274; *Sherwood* v. *Agricult. Ins. Co.*, 16 Hun, 593, 595;
*Owen* v. *Far. Joint St'k Ins. Co.*, 57 Barb., 518; *Brink* v.
*Han. Ins. Co.*, 70 N. Y., 593; *Knicker. Ins. Co.* v. *Gould*,
80 Ill., 388; *Edgerly* v. *Farm's Ins. Co.*, 43 Iowa, 587;
*O'Brien* v. *Com. Ins. Co.*, 63 N. Y., 108; *Harmony* v. *Bing-
ham*, 2 Kern., 99; *Oakly* v. *Morton*, 1 id., 25; *Tompkins* v.
*Dudley*, 25 N. Y., 272; May on Ins., 468, § 386; *Goit* v.
*Nat. Pro. Ins. Co.*, 25 Barb., 189.)

MILLER, J. The policy upon which this action was
brought contained conditions that the assured shall forthwith
give notice to the company of the fire, and, as soon after as
possible, render a particular account of such loss. It is
claimed, on the part of the defendant, that neither of these
conditions was complied with; and that upon this ground, the
judge properly dismissed the complaint, upon the trial.

As to the first ground, it appears that the fire took place
on the eighth day of March, 1876. Upon the tenth day of
March following, a notice of the loss signed by Ellen E.
Gleavy, stating that the building insured by policy No.——
was destroyed by fire on the night of March 8, was served
upon the defendant. Annexed to this notice was a state-
ment of different policies in various companies, and among

them that of the defendant, with the number of the policy.

The policy stated that, in consideration of the premium therein named, the defendant did insure Peter Gleavey; that the loss was payable to the plaintiff mortgagee, and the ownership in the property was vested in Margaret Elliott Jack.

The proof upon the trial showed that Ellen E. Gleavey was the mother of Margaret Elliott Jack, who was an infant under fourteen years of age, and after the fire the mother was appointed her general guardian. Conceding that the defendant had no knowledge of the relationship of Mrs. Gleavey to the owner of the property, as the notice advised the defendant of the loss by the fire and of the policy in which the insurance was had, and no objection was made, or offer to return the same, we think it was sufficient. It was served in due season, and although it might have been more specific as to the relationship of the person signing it to the insured, it advised the defendant of the loss, which was all that was required.

A more serious question arises in reference to the furnishing of proofs of loss. It appears that the proofs were prepared by one Benjamin Lewis, an insurance agent, who was employed by the mother and guardian of the infant, with the assistance of Mrs. Gleavey, who had occupied the premises with her husband. The affidavit attached was sworn to on the 18th of April, and the proofs were not served until the 16th of May thereafter. The reason of the delay in the service, as testified to by Mr. Lewis was that he wished to satisfy himself, as a business man, that the statements given by Mrs. Gleavey were correct; and that he kept them until he was satisfied they were so, and then caused them to be served. The proofs were never returned to the guardian or the agent, nor any notice given that they were not satisfactory. Whether they were served as soon after the time as possible to render a particular account properly verified was a question of fact; and it could not be held, as a matter of law, that they were not. It is easy to see that there must have been some difficulty in obtaining accurate data, where

so many items were to be stated and sworn to; and it is not unreasonable to say that some time might have been required in preparing the papers, and some delay in determining their accuracy. The fact that the affidavit was sworn to so long before it was served was a proper subject for consideration, upon the question as to the delay, but it was not conclusive. The omission, therefore, to serve the papers at an earlier period was not a direct breach of the condition referred to, and an absolute bar to the plaintiff's right to recover. Under all the circumstances, it was a question for the jury to determine whether the delay was unreasonable, and the papers had been furnished as soon after the fire as possible, in accordance with the terms of the policy.

We do not deem it necessary to discuss the authorities cited by the defendant's counsel and it is sufficient to say that they are not in conflict with the views expressed.

For the reason stated, the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur.

Judgment reversed.