MINNESOTA LINSEED OIL CO. v. MONTAGUE & SMITH.

1. **Pleading:** MOTION TO STRIKE PART OF ANSWER. Where plaintiff alleged that defendants were to pay out certain moneys deposited with them on the order of one V., plaintiff's agent, for *flax seed* only, and defendants for answer alleged that they were authorized to pay out the money on V.'s order pertaining to the business of his agency *without restriction*, it is plain that, under the contract set up by defendants, they were authorized to pay V., upon his order, sums actually due him as commissions upon his purchases, and an allegation in the answer that there was a sum actually due V., and that defendants paid the same, was proper, and the court properly refused to strike it out on plaintiff's motion.

2. **Evidence:** PAROL TO PROVE CONTENTS OF WRITING. Before parol testimony can be admitted to prove the contents of a written memorandum, it must be shown that the writing itself could not have been introduced.

3. ————: LETTERS OF INSTRUCTION. It was error for the court to exclude letters offered by plaintiff, which had been written by plaintiff's officers to defendants, and which tended to support plaintiff's claim that defendants had been instructed to pay out plaintiff's money for flax seed only, that being the very ground on which plaintiff sought to recover.

4. **Agent:** ACQUIESCENCE IN ACTS OF: REASONABLE TIME TO OBJECT. It was error for the court to instruct the jury as to what constituted a reasonable time within which plaintiff was required to object to the acts of his agent, in order to avoid being bound thereby; that question should have been submitted to the jury.

*Appeal from Cerro Gordo District Court.*

THURSDAY, OCTOBER 5.

ACTION AT LAW. The pleadings and facts of the case are fully set out in the opinion. There was a judgment upon a verdict for defendants, plaintiff appeals.

*Blythe & Merkley,* for appellant.

*Wilbur & Sherwin,* for appellees.

BECK, J.—I. As a question in the case involves the pleadings, it becomes necessary to set them out fully. The material parts of the petition allege:

"That on or about the first day of August, 1879, plaintiff by and through their managing agent, J. E. Harkness, made and entered into a parol agreement with defendants, whereby defendants were to receive and keep on deposit the various sums of money which plaintiff might from time to time send them, for the purchase of flax seed, and that the same should be paid out only upon the certified tickets of J. H. Valentine, issued by him only for the purchase of flax seed. That at said date, defendants orally agreed and promised plaintiff that said money should be kept by them on deposit, and should not be paid out or used for any other purpose, except for the purchase price of flax seed that should be purchased by J. H. Valentine for plaintiff, and then to be paid out only upon tickets furnished by plaintiff, properly filled out, which tickets should show weight, gross pounds, sacks, number, net weight, bushels, gross, deductions, foreign substances, light weight, total bushels deducted and net bushels, price paid and total amount paid for, quantity purchased, less note and interest, payable at Cerro Gordo County Bank, dated and signed by J. H. Valentine, agent; that in pursuance of said agreement plaintiff furnished defendants at various times large sums of money for the purchase of flax seed, which sums in the aggregate amounted to the sum of $5,402.04;

VOL. LIX—29

that defendants failed and neglected to pay out said money as agreed, but wrongfully and contrary to said agreement paid out at different times a large amount of said money, to-wit: the sum of $401.47, to J. H. Valentine, not for flax seed but for pretended commissions, which said amount was paid out by defendants as follows, to-wit:

> October 14, 1879, to J. H. Valentine..... $233.36
> February 12, 1880, to J. H. Valentine.... 120.05
> April 1, 1880, to J. H. Valentine........ 48.06
>
> Total.......................... $401.47

"That the above sums were paid out by defendants contrary to agreement, and not paid for flax seed, but for pretended commissions, as above stated."

The answer is in the following language:

"Defendants deny that it was agreed that said money should be paid out only on the purchase of flax seed by said Valentine, and on certified tickets issued by him for the purchase of flax seed, nor for the purchase of flax seed only, and deny that plaintiff deposited with defendants more than $5,000 under said contract, deny that defendants failed to pay out said money as agreed, and deny that the same was paid contrary to the agreement between plaintiff and defendants; that said sum of $5,000 was deposited with defendants, under a parol agreement that defendants would pay out the same on the drafts and orders of plaintiff's agent, J. H. Valentine, and in and about his employment, as agent of plaintiff in the purchase of flax seed, and to-wit:

"On the first day of January, 1880, there became due said Valentine from plaintiff, as commission on flax seed, purchased by him for plaintiff, the said sum of $401.47, which the defendants afterwards, and as the disbursing agents of the plaintiff, paid to said Valentine, as they lawfully might, and afterward on the second day of April, 1880, defendants remitted to plaintiff the sum of $332.88, balance remaining in their hands, with full statement of their doings in the

business, and without any complaint or objection from plaintiff until the commencement of this suit."

A motion made by plaintiff to strike from the answer the words indicated above by italics was overruled.

Subsequently the defendants amended their answer by adding thereto the following averments: "Defendants state that on making to plaintiff the statement mentioned in the answer, plaintiff failed to object thereto in a reasonable time, and thereby ratified and approved the same."

II. The ruling of the court in refusing to strike a part of defendants' answer is now complained of by plaintiff. We think the ruling correct.

The petition alleges a contract under which defendants received money of plaintiff to be paid out for flax seed only. The answer denies this contract and sets up a different one upon which defendants received the money under which they were authorized to pay it out upon drafts and orders of Valentine, plaintiff's agent, which pertained to matters connected with his employment. The difference in the contracts pleaded by the respective parties is this, plaintiff alleges that the defendant was to pay the money on Valentine's order for flax seed only; defendants allege that they were authorized to pay upon his orders pertaining to the business of the agency without restriction. It is plain that under the contract set up by defendants, they were authorized to pay Valentine, upon his order, sums actually due him as commissions upon his purchases. In support of defendants' authority to pay Valentine for commissions under the contract pleaded by them, it was proper to allege and show that there was a sum actually due him. Such an allegation is presented by the words assailed by the motion. It was correctly overruled.

1. PLEADING: motion to strike part of answer.

III. The plaintiff offered to prove by a witness the contents of a certain written memorandum of instruction given by their agent, Harkness, to defendant, touching the payment of the money upon orders drawn by Valentine. This evidence was properly excluded

2. EVIDENCE: parol to prove contents of writing.

for the reason there was no foundation laid for the introduction of parol proof of the contents of the writing. It was not shown that the writing itself could not have been introduced in evidence.

IV. The plaintiff offered in evidence certain letters written by the proper officers of plaintiff to the defendants, which covered remittances and contained directions which, plaintiff claims, restricted defendants to payment of orders by Valentine drawn for the purchase of flax seed. These letters were, we think, erroneously excluded. They surely tended to support the claim of plaintiff that defendants were notified and instructed that Valentine was authorized to draw only for the payment of flax seed purchased, and that he could not draw for commissions due him. We are very clear in the opinion that the letters ought to have been admitted in evidence.

*3. ——: letters of instruction.*

V. The tenth instruction given to the jury contains the following directions:

"Before a principal will be held to ratify the unauthorized act of an agent, it should appear that a full knowlenge of what has been done by the agent has come home to the principal; and in such a case the neglect to object by the principal for an unreasonable time after such knowledge, would be held a ratification. If the plaintiff was notified in April of the acts of defendant, and made no complaint until in August following, and knew during the time which intervened of the acts of defendants, such delay, without complaint under such circumstances, would be unreasonable, and it would conclude the plaintiff; and it (the plaintiff), would be held that defendants' acts were approved, even though they may not have been in accord with the original authority."

*4. AGENT: acquiescence in acts of: reasonable time to object.*

This instruction we think incorrect. The question involving what constituted a reasonable time within which plaintiff was required to object to defendants payment, should have been submitted to the jury. It is a question of fact to be determined by the jury upon the evidence.

*Kramph's Ex'r v. Hatz's Ex'r*, 52 Pa. St., 525; *O'Brien v. Phœnix Insurance Co.*, 76 N. Y., 459; *Parkhill v. Imlay*, 15 Wend., 431; *Porter v. Patterson*, 15 Pa. St., 229; *Wilder v. Sprague*, 50 Me., 354; *Magee v. Carmack*, 15 Ill., 289; *Davis v. Kinaga*, 51 Ill., 170.

Other instructions given to the jury we think are correct. An objection involving the misbehaviour of the jury, upon which we are not entirely agreed, need not be considered, as it will not arise upon a second trial.

For the errors above pointed out the judgment of the District Court must be

·REVERSED.