40 101
13ap527

40h 101
f48ad442

ANSON D. BROWN, PLAINTIFF, *v.* THE LONDON ASSUR-ANCE CORPORATION, DEFENDANT.

*Policy of insurance — when avoided by a failure to serve proof of loss within the time required by the policy — what acts of the company do not estop it from enforcing the forfeiture.*

An action, brought upon a policy of insurance issued by the defendant, was defended upon the ground of a violation of a condition contained therein, which provided that "persons sustaining loss or damages by fire shall *forth-with* give notice of said loss to the corporation, and *as soon thereafter as possible* render a particular account of such loss, signed," etc. The property was destroyed by fire on June 1, 1882, and the first notice of the loss was given on July eighteenth following, when papers purporting to be proofs of loss were forwarded to the defendant. The plaintiff offered no excuse for omitting to give an earlier notice of the loss or for the delay in sending the proofs.

*Held,* that the court should have held, as a matter of law, that the notice of loss was not served within the time fixed by the policy; and that it erred in deny-ing a motion for a nonsuit made upon that ground.

To prove a waiver of this condition the plaintiff introduced in evidence a letter from the defendant's general manager, dated July 25, 1882, addressed to the person who had prepared and forwarded the proofs of loss, acknowledging the receipt of them, and stating that the matter was in the hands of one Adams, also a letter from Adams, dated July twenty-seventh, referring to the plaintiff's loss, and adding that the building was unoccupied at the time of its destruc-tion, and that for that reason he was not entitled to recover, and that he had violated another condition of the policy by erecting a building within the limits thereby prohibited, and concluded by saying that "although the company was under no legal obligation whatever to do so," still under the cir-cumstances he would advise it to return the amount of premiums paid in settlement of the case.

*Held,* that these letters did not amount to a waiver of the condition or prevent the defendant from setting up the delay in giving notice of the loss as a defense to the action.

MOTION by the defendant for a new trial, based upon exceptions taken on the trial at the Allegany Circuit, ordered to be heard, in the first instance, at the General Term.

The defendant, a foreign fire insurance company, with its chief office located in the city of New York, on the 16th of January, 1882, issued its policy to the plaintiff, insuring his dwelling-house, located in the village of Richburg, Allegany county, against loss by fire, in the sum of $250. The property was destroyed by fire the

1st day of June, 1882, and the defendant omitting to pay the loss, this action was brought to enforce payment of the amount thereof. At the close of the plaintiff's evidence the defendant moved for a nonsuit, which was denied, and the defendant having no evidence to offer the court directed a verdict in the plaintiff's favor for the sum of $286.24.

*Rufus Scott*, for the plaintiff.

*Hamilton Ward*, for the defendant.

BARKER, J. :

The policy contains this provision, which is found in the ninth clause : " Persons sustaining loss or damage by fire shall forthwith give notice of said loss to the corporation, and as soon thereafter as possible, render a particular account of such loss, signed and sworn to by them, stating whether any and what other insurance has been made on the same property, giving copies of the written portions of all such policies thereon, also the actual cash value of the property and their interest therein,    *   *   *    and when and how the fire originated." A subsequent clause contains a mutual stipulation of the parties, namely : " And it is hereby understood and agreed by and between this corporation and the assured, that this policy is made and accepted in reference to the foregoing terms and conditions   *   *   *   which are hereby declared to be a part of this contract, and are to be used and resorted to in order to determine the rights and obligations of the parties hereto in all cases not herein specially provided for in writing." The fire occurred on the 1st day of June, 1882, and the first notice of the loss was given by the plaintiff on the eighteenth day of July, following, when papers purporting to be proofs of loss were forwarded to the defendant at its general office, located in the city of New York.

The defendant in its answer sets up as a defense, that the plaintiff failed to keep and perform the conditions of the policy on his part by omitting to give the notice of loss, and to make proofs of loss within the time as required by the terms of the policy. On the trial the plaintiff offered no excuse for omitting to give an earlier notice of the loss or for delaying the proofs of loss until the eighteenth of July. At the close of the plaintiff's evidence, the

defendant moved for a nonsuit on the ground that the plaintiff had failed to comply with the conditions of the policy by omitting forthwith to give notice of the loss, which motion was denied and the defendant excepted.

The provision requiring that the notice of the loss shall be forthwith given to the company, is in the nature of a condition precedent, and if not complied with by the assured or waived by the company defeats a recovery. The position of the defendant upon this point is sustained by an unbroken line of authorities in this country as well as in England. (*Worsley* v. *Wood*, 6 T. R., 710; *Inman* v. *Ins. Co.*, 12 Wend., 452; *Underwood* v. *Farmers' J. S. Ins. Co.*, 57 N. Y., 505; *Johnson* v. *Phœnix Ins. Co.*, 112 Mass., 49.)

The condition of the policy quoted requires that the insured shall, in case the property is destroyed by fire, do two separate and distinct acts, that is, forthwith give notice of the loss, and also make a particular statement of how the same occurred, etc., duly verified as soon as possible. "The particular account," which is to be furnished, might serve for the notice contemplated by the agreement, if served forthwith after the loss occurred, for the proofs of loss could not well be full and complete without they contained the statement of the time of the fire. But the proofs of loss, although they might be served in due time as required by that condition, would not be a compliance with the conditions to furnish notice of the loss forthwith, unless they were in fact served forthwith within the meaning of that term of the policy. In this case no notice of the loss in any manner preceded the service of the proofs of loss, and it may be fairly held that the latter contained a statement of the fact which the notice of the fire was intended to communicate. The question for our consideration then is, was a notice of the loss, served on the eighteenth of July, forty-eight days after the fire, a timely service and in compliance with the condition on that subject requiring such notice to be served forthwith? The meaning of this term, when used in a policy of insurance for the purpose of limiting the time within which such notice must be given, has received frequent judicial construction, which will serve as a guide in this instance.

In *Inman* v. *Insurance Company* (12 Wend., *supra*) it was said, that the literal meaning of the word need not be observed

by the insured, that is, the condition of the contract did not require that the notice be served immediately, directly and without any delay, but that there must be no unnecessary delay in the performance of this act, nothing which the law calls laches, and in giving a construction to a provision of a contract of insurance of this description, some regard should be given to the nature of the act or thing to be performed and the circumstances of the particular case.

In *Bennett et al.* v. *Lycoming County Mutual Insurance Company* (67 N. Y., 277) the court, in commenting on the meaning of the phrase "forthwith" when used in a fire policy, said: It "does not mean immediately or instantaneously after the fire. It means, and has been held to mean, within a reasonable time, or with reasonable diligence after the fire."

Did the plaintiff in this case use reasonable diligence in giving notice, in view of the circumstance, that he presented no reasons for delaying action in this respect for forty-eight days? As the defense is based mostly on this point, and a determination of the question practically decides the case for or against the plaintiff, it merits careful consideration. The question as to when the delay will constitute a breach of the condition precedent has often been the subject of consideration in this and other courts, and the rule has been applied in cases where the facts were not unlike those in the case now here. The time in which the notice of loss is to be served was of the essence of the contract, as the parties by their stipulation made it so, independent of the general rule of law on that subject. In *Inman* v. *Insurance Company* (*supra*) the policy required the insured to give notice of the loss forthwith, and it was held, as a matter of law, that a notice served thirty-eight days after the loss was not in compliance with the requirements of the condition. In *Sherwood* v. *Agricultural Insurance Company* (10 Hun, 593) the policy required the insured to give "immediate notice" of the loss, and it was held that a notice served five months after the fire was not good and for that reason there could be no recovery. (*Inman* v. *Insurance Co.*, *supra*, being cited with approval.)

In *McEvers* v. *Lawrence* (1 Hoff. Ch., 171) it was held that a notice given four months after the loss, the delay being unexplained, and the policy requiring the notice forthwith after the fire, was too late, and for that reason the plaintiff had no right of action upon

his policy, and the case of *Inman* v. *Insurance Company* (*supra*) was referred to with approval.

In the case of *Trask* v. *Insurance Company* (29 Pa., 198), eleven days delay unexplained, was held to be fatal where the policy required immediate notice. To the same effect are numerous cases: *Edwards* v. *Lycoming, etc., Insurance Company* (75 Pa., 378); *Cornell* v. *Insurance Company* (18 Wis., 387); *Whitehurst* v. *Insurance Company* (7 Jones Law [N. Car.], 433); *Roper* v. *Lendon* (1 Ell. & Ell., 825).

In *New York Central Insurance Company* v. *National Protection Insurance Company* (20 Barb., 468) the opinion was expressed that it was a sufficient compliance with the condition of a policy which required notice of loss to be given forthwith when the fire occurred upon the fifteenth of June, of which the insured was notified on the eighteenth, and gave notice to the company by mail on the twenty-third, but it was remarked by the court that the question of timely service was not presented by the pleadings and the question was not necessarily passed upon.

In view of the authorities on the subject, which are all in one direction, as well as a matter of judgment, independent of the decisions, I think it should be held, as a matter of law, that the notice of the loss was not timely and that the plaintiff failed to make out a cause of action for non-performance of the condition precedent. The act required to be done by the plaintiff immediately after the loss happened involved no deliberation or investigation as to any fact on his part; no time or labor was required to perform it. It is unreasonable to say that a delay of forty-eight days, in nowise excused, is either a literal or substantial compliance with the condition. There seems to be no apology for the plaintiff's neglect to perform his promise in this respect.

The plaintiff seeks to avert the fatal consequences of his omissions, on the ground that the company waived the performance of the condition. On the trial the learned judge was of that opinion and denied the nonsuit for that reason, and in his remarks expressing his judgment said, in subtance, referring to the correspondence which will be hereafter mentioned: "I think all that evidence may be treated as a waiver of formal service of notice according to the requirements of the policy either in time or in other respects."

The facts on which the claim of waiver is based are few and undisputed. The plaintiff testified, in substance, that he prepared proofs of loss and employed John Fowler to send them forward to the company. The plaintiff then put in evidence a letter written by the general manager of the defendant's business, dated at its office in the city of New York, on the 25th of July, 1882, addressed to Fowler, in which he said: "I have to acknowledge receipt of your favor of the eighteenth instant, inclosing papers purporting to be proofs of loss by A. D. Brown for damages under our policy, 6,180.39. This matter is in the hands of Mr. Adams of Meadville, who will communicate with you." On the twenty-seventh of July, Adams addressed a letter to Fowler, dated at Meadville, Pa., in which he referred to Fowler's letter sent to the general manager, dated the eighteenth, relative to the plaintiff's loss, and then added that the building destroyed by fire was unoccupied at that time, and for that reason the plaintiff was not entitled to recover, and also that another condition of the policy had been violated by the plaintiff by erecting a building within the limits prohibited by another term of the contract, and concluded his letter as follows: "Although the company are under no legal obligation whatever to do so, still, under the circumstances, I will advise them to return to Mr. Brown the amount of premiums paid for the risk, namely, twenty-five dollars in settlement of the case. If he shall see fit to accept this proposition, please advise me." No further negotiations were held and this action was commenced. Neither party produced the proofs of loss upon the trial, and no evidence was given as to their contents, and every item of evidence relative to the giving of notice of loss, and as to the nature and character of the proofs of loss, are fully set forth in the foregoing statement of the evidence. At the time the proofs were received by the company the time for serving notice of the loss had expired. This was wholly the fault of the insured. He had not been induced by any act or suggestion coming from the company to delay compliance with the condition, and there is no fact or circumstance on which a waiver can be predicated.

The argument made by the plaintiff, that as the agent Adams placed a refusal to pay on other grounds than that the notice of loss was not served in time, or that the proofs of loss came too late or

were defective in substance, constitutes a waiver, is not supported by the authorities. No reason has been suggested, nor has any occurred to my mind, why the silence of the agent upon those subjects should be construed as a waiver. At the time the matter was referred to Adams, the company had a perfect defense, because the notice had not been served in season. If at the time this letter was received by Fowler, the plaintiff's agents, timely notice could then have been served, the. question would be very different, and the plaintiff's position would have some support in the authorities as well as in reason. But if the refusal of the company to pay had then been put upon that ground, it was not then in the power of the plaintiff to comply with the condition precedent or to do anything to save himself from the consequences of his own neglect.

The doctrine of waiver, when made as an answer or excuse for a non-compliance with a condition precedent, is placed upon the ground of estoppel. In *Underwood* v. *The Farmers' Joint-Stock Insurance Company* (57 N. Y., 505) the court said: " The doctrine of estoppel lays at the foundation of the law, as to waiver. While one party has time and opportunity to comply with a condition precedent, if the other does or says anything to put him off from his guard, and to induce him to believe that the condition is waived, or that a strict compliance with it will not be insisted on, he is afterward estopped from claiming non-performance of the .condition. Unless there is some consideration for a waiver or some valid modification of the agreement between the parties which contains the condition, I think there can be no waiver of a condition precedent, except there be in the case an element of estoppel. At the time when the affidavit was drawn the plaintiff had forfeited his rights under his policy. Nothing that was then said or done induced him in any way to forego any of his rights, or to omit the performance, on his part, of anything required by his policy; and, hence furnish no estoppel against the defendant." When the plaintiff brought the attention of the company to this loss, and its agent declined to pay, he distinctly informed the plaintiff that the company was under no legal obligations to respond to his claim, and he was not called upon to state each and all the grounds of refusal upon which the company stood in declining to pay the demand. This question was distinctly presented in *Brink* v. *The Hanover Fire Insurance Company*

(70 N. Y., 593); *Devens* v. *Mechanics and Traders' Insurance Company* (83 id., 173).

It is unnecessary to state the facts of that case as the remarks of Earl, J., in delivering the opinion of the court, clearly indicate the point decided: "If proofs were not served in time and the insurer had done nothing to induce the omission, and so the insured had lost all his rights under the policy, the fact that thereafter defendant refused to pay, without assigning any reason, or only assigning one of many, did not amount to a waiver and did not estop it from insisting upon any other defenses. It was not bound to specify all of its defenses on peril of losing those not specified." In *Bennett* v. *Lycoming, etc., Insurance Company* (67 N.Y., 274) the same views are expressed by the same learned justice. The cases cited in the plaintiff's brief on the question of waiver have been examined with attention. They do not bear on that question as presented in this case.

The defendant's motion for a new trial granted, with costs to abide the event.

Smith, P. J., Haight and Bradley, JJ., concurred.

Motion for new trial granted, costs to abide event.