(23 Civ. Proc. R. 397.)

### HAAS v. SWICK et al.

(Supreme Court, Special Term, New York County. February 5, 1894.)

ATTACHMENT—CLAIMS BY THIRD PERSONS—BOND.

> An undertaking given by an attachment plaintiff within two days after the sheriff's jury found for claimant is a compliance with Code Civ. Proc. § 658, which provides that where the jury find for claimant the sheriff must "forthwith" deliver the goods to him, unless plaintiff give an undertaking.

Claim by Ettie Swick and others to property taken under an attachment.

S. B. Stiles, for plaintiff.

Campbell & Murphy (James Murphy, of counsel), for claimants.

LAWRENCE, J. In this case there are two motions. One is by third-party claimants, claiming the delivery to them of certain property levied upon by the sheriff under and by virtue of a warrant of attachment issued in this action, on the grounds that a sheriff's jury has found the title to the goods claimed by them to be in the claimants, and on the further ground that no bond or undertaking of indemnity has been given to the sheriff. The second motion is made by the plaintiff to compel the sheriff to accept the undertaking which he claims has been given by him, and to file the same in accordance with the statute. The proper disposition of these motions involves a construction of section 658 of the Code of Civil Procedure, as amended by the Laws of 1888. That section provides, in substance, that if, by their inquisition, the jury find the property of the goods or effects to have been in the claimant at the time of the levy, the sheriff must forthwith deliver them to him or his agent, unless the plaintiff gives an undertaking, with sufficient sureties, to indemnify the sheriff for the detention thereof. The section also provides that if the undertaking is given the sheriff must detain the goods or effects as the property of the defendant; and in the county of New York, where an undertaking is given to indemnify the sheriff, he must, within two days after the giving of the said undertaking, cause the same to be filed in the office of the court out of which the attachment was issued, and serve upon the claimant or his agent, and the attaching creditor or the attorney.

whose name is subscribed to the warrant of attachment, a copy of the said undertaking, with a notice of the justification of the sureties thereon. It is then provided that the justification must take place before a judge of the court out of which the attachment was issued, at a time to be specified in the notice, which must be not less than two nor more than five days after serving the said notice. The remainder of this section provides as to the procedure on said examination, and it is not necessary to be recited for the purpose of disposing of these motions.

It is conceded in this case that the sheriff's jury found the property levied upon to be in the claimants on the 15th of January, 1894, and it appears by the plaintiff's affidavits that a bond of indemnity was furnished to the sheriff by the plaintiff on the 17th of January, 1894, with two sureties, each making affidavit that he was worth $60,000 over and above all his liabilities; and, as the property levied upon is shown by the affidavit on behalf of the plaintiff to have been worth $14,500 in all, it is claimed by him that the bond furnished good and ample security to the sheriff for all damages that he might sustain by reason of the detention of the goods, and that it was the sheriff's duty, within two days thereafter, to cause the same to be filed, and to have given to the claimant the notice of justification required by section 658 of the Code. It will be observed that the section under consideration, if the property is found in the claimant, provides that the sheriff must forthwith deliver the goods to the claimant, unless the plaintiff gives an undertaking, etc. The word "forthwith" does not necessarily mean at the very instant of the rendition of the verdict of the sheriff's jury. It means within a reasonable time; without unreasonable delay; with due diligence, under the circumstances of the case. In New York Cent. Ins. Co. v. National Protection Ins. Co., 20 Barb. 468, where the policy required notice of loss to be given forthwith, and the insured knew of the loss on the 18th, and sent notice to the insurers by mail on the 23d, the notice was held to be a sufficient compliance with the condition of the policy. See, to the same effect, Inman v. Insurance Co., 12 Wend. 452, and particularly Bennett v. Insurance Co., 67 N. Y. 274. The bond having been given in this case within 48 hours of the rendition of the verdict of the sheriff's jury, I think that the requirements of the Code were satisfied, and that it then became the duty of the sheriff to file the same, and to give notice of justification. I shall therefore direct the filing of the bond, and that notice of justification of the sureties be given as required by section 658 of the Code of Civil Procedure. Settle order on notice.