GEORGE SOLOMON, as Assignee for the Benefit of Creditors of HENRY THOESEN, Respondent, *v.* CONTINENTAL FIRE INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

1. FIRE INSURANCE — IMMEDIATE NOTICE OF LOSS. The requirement of a fire insurance policy, that "if fire occur the insured shall give immediate notice of any loss thereby in writing to this company," is met if the notice is given within a reasonable time and with due diligence, under the circumstances of the case.

2. SERVICE OF NOTICE OF LOSS WITHIN REASONABLE TIME. Where the evidence, in an action upon a policy requiring "immediate notice" of loss, brought by the general assignee of the original insured and tried by a referee, justified a finding that the plaintiff, to whom the policy had been transferred before the fire, had then no knowledge of its contents, and, although he used due diligence, obtained neither the policy nor any information that it required notice of loss, until about fifty days after the fire, and that a notice, dated three days after obtaining possession of the policy and received by the company three days after its date, was prepared and served with due diligence, it will not be held, as matter of law, on appeal from an affirmance of the referee, that the service of the notice was not within a reasonable time, or that the referee was not justified in finding that the defendant received sufficient notice of the plaintiff's loss under the condition of its policy.

*Solomon* v. *Cont. Fire Ins. Co.*, 28 App. Div. 213, affirmed.

(Argued October 12, 1899; decided November 21, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 20, 1898, upon an order affirming a judgment in favor of plaintiff, entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinions.

*Michael H. Cardozo* and *William C. Trull* for appellant. Immediate notice of loss to the company by the assured was a condition precedent to a recovery under the policy. (*Quinlan* v. *P. W. Ins. Co.*, 133 N. Y. 356; *Weed* v. *H. B. F. Ins. Co.*, 133 N. Y. 394; *Brown* v. *L. A. Co.*, 40 Hun, 101; *Sherwood* v. *A. Ins. Co.*, 10 Hun, 593; *Inman* v. *W. F. Ins. Co.*, 12 Wend. 452; *McEvers* v. *Lawrence*, 1 Hoff. Ch. 172; 2 Wood on Fire Ins. 939; Richards on Ins. 177; 2 May on Ins. 1068; Ostrander on Fire Ins. § 221; *R. Ins. Co.* v. *Burwell*, 44 Ind. 460; *Trask* v. *S. F. & M. Ins. Co.*, 29 Penn. St. 198; *La Force* v. *W. C. F. Ins. Co.*, 43 Mo. App. 518; *Whitehurst* v. *N. C. M. Ins. Co.*, 7 Jones [N. C.], 433.) The notice from the fire patrol of the fire was not the notice of the loss required by the policy. (*E. Ins. Co.* v. *People's Bank*, 62 Fed. Rep. 222.) Assuming that, under certain circumstances, immediate notice of the loss could be excused upon the plaintiff's own case, no such circumstances existed in this case. (*Matthews* v. *A. C. Ins. Co.*, 154 N. Y. 449.) The evidence establishes that the plaintiff could have obtained and that he did obtain a complete list of the policies of insurance covering the property destroyed, in force at the date of the fire, including the policy issued by the defendant, the Continental Insurance Company. (*Bradley* v. *M. B. L. Ins. Co.*, 45 N. Y. 422.) There was no waiver of performance of the clause of the policy requiring notice of the loss. (*Koller* v. *G. A. Ins. Co.*, N. Y. L. J., Jan. 31, 1893.) Even if it be true, as the plaintiff testifies, that he did not know the contents of his policy, this cannot avail him, for it is settled law that a party cannot excuse himself from the performance of conditions contained in a contract to which he is or has become a party by alleging that he did not know its contents. (*Taylor* v. *Fleckenstein*, 30 Fed. Rep. 99; *Hazard* v. *Griswold*, 21 Fed. Rep. 178; *Root* v. *Zaller*, 2 N. Y. Supp. 743; *G. F. Ins. Co.* v. *M. & C. R. R. Co.*, 72 N. Y. 90.) The complaint alleged performance of the conditions precedent of the contract; it did not allege waiver or substituted performance. (*Baxter* v. *B. L. Ins. Co.*, 44 Hun, 184; *Oakley* v. *Morton*,

11 N. Y. 25; *Koller* v. *G. A. Ins. Co.*, N. Y. L. J., Jan. 31, 1893.

*Abram Kling* for respondent.  The clause in the policy of insurance which provides " that if fire occur the insured shall give immediate notice of any loss thereby in writing to the company," has reference to matters which accrued after the contract had been made and the loss had occurred, and must be liberally construed in favor of the plaintiff, and should not be allowed to work injustice.  (*Sergent* v. *L. & L. & G. Ins. Co.*, 155 N. Y. 349; *Matthews* v. *A. C. Ins. Co.*, 154 N. Y. 450; *McNally* v. *P. Ins. Co.*, 137 N. Y. 398; *Paltrovitch* v. *P. Ins. Co.*, 143 N. Y. 73.)  The defendant had immediate actual notice of the plaintiff's loss by fire, and any further notice to the defendant was useless and unnecessary.  (*Partridge* v. *M. M. Ins. Co.*, 13 App. Div. 519; *Evah* v. *C. Ins. Co.*, 20 N. Y. S. R. 207; *Weed* v. *H. B. F. Ins. Co.*, 133 N. Y. 394; *Hermann* v. *N. F. Ins. Co*, 100 N. Y. 412; *Kendall* v. *H. P. Ins. Co.*, 2 T. & C. 375; *Clark* v. *N. Y. F. Ins. Co.*, 60 Mass. 344; *Ramage* v. *M. F. Ins. Co.*, 13 N. J. 110; *P. Ins. Co.* v. *Pickel*, 3 Ind. App. 332; *Loeb* v. *A. Ins. Co.*, 99 Miss. 50; *W. F. Ins. Co.* v. *G. & B. Co.*, 41 Mich. 131.)  It was decided in this case that if the plaintiff served his notice of loss by fire without unnecessary delay and the policies were lost, the plaintiff was entitled to recover, and the referee's finding is conclusive.  (*Solomon* v. *C. Ins. Co.*, 11 Misc. Rep. 513; *Bennett* v. *L. C. M. Ins. Co.*, 67 N. Y. 274; *Griffey* v. *N. Y. C. Ins. Co.*, 100 N. Y. 417; *Weed* v. *H. B. F. Ins. Co.*, 133 N. Y. 395; *McNally* v. *P. Ins. Co.*, 137 N. Y. 389; *Carpenter* v. *G. A. Ins. Co.*, 135 N. Y. 298; *Bumstead* v. *D. M. Ins. Co.*, 12 N. Y. 81; *Edwards* v. *B. F. Ins. Co.*, 3 Gill, 176; *K. Ins. Co.* v. *Gould*, 80 Ill. 391; *N. Ins. Co.* v. *Scannell*, 180 Ill. 647.)

Martin, J.    This action was to recover upon a fire insurance policy issued by the defendant to the plaintiff's assignors, and with its consent transferred to the plaintiff.

The defense was based upon the single ground that the plaintiff omitted to give the notice of loss required by its policy. It was a New York standard policy, and contains the following provisions: "If fire occur the insured shall give immediate notice of any loss thereby in writing to this company. * *. * No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements."

The issue arising upon this defense was tried before a referee, who decided that, under the facts and circumstances disclosed by the evidence, the defendant received sufficient notice of the loss within the requirements and conditions of the policy. As the decision of the referee does not state separately the facts found by him, and as the judgment entered thereon has been affirmed by the Appellate Division, upon this appeal all the facts warranted by the evidence and necessary to support the judgment are presumed to have been found. (*Amherst College.* v. *Ritch*, 151 N. Y. 282.)

The circumstances which surrounded the plaintiff after the loss were unusual and peculiar. He was an assignee of the parties originally insured, and the defendant's consent to the transfer of the policy to the plaintiff was not obtained by him personally, but by another. There were many other policies upon the property.

Under the evidence the referee was justified in finding that the plaintiff had no knowledge of the contents of the policy in question, and that he obtained neither the policy nor any information that notice of loss was required by its provisions, until the last week in January, 1894, which ended on the thirty-first day of that month, or until about fifty days after the fire and three days before the date of the notice. This notice was received February sixth as appears by a letter from the defendant to the plaintiff. A Sabbath intervened between the date of the notice and its receipt by the defendant. The fire occurred upon the sixteenth day of December, 1893. The

policy was upon a stock of merchandise consisting principally of furniture. The building containing it was totally destroyed. The defendant was apprised of the destruction of the building and its contents upon the morning of the fire through a printed notice left with it by the committee of the fire patrol. This notice disclosed that the entire building was destroyed, and that it was occupied for furniture and storage.

At the time of the fire the policy in suit was in a safe in the building destroyed. The safe was removed from the ruins about six days afterwards, but the plaintiff was unable to open it. It was then taken to the manufacturer for that purpose. When finally opened it was evening and dark. Its entire contents which consisted of a great number of books and papers were at once removed and placed in a vault in the building where the plaintiff had his office. On the following morning he searched for the policy in the vault and among his papers, but was unable to find it as it had fallen to the floor behind a case of pigeon holes where it was subsequently found. It was not until the last week of January, and, as one witness testified, about fifty days after the fire that the policy was found.

The plaintiff had no books or papers in his possession which disclosed the names of the companies which had policies upon the property in question, and had no knowledge of the defendant's policy or of its requirements. While there was a conflict in the evidence bearing upon the question of the plaintiff's knowledge of the existence of this policy and its provisions, and in regard to his ability to obtain it, still, whether he had such knowledge or was able to obtain it earlier, was, under the evidence, a question of fact to be determined by the referee. It is obvious that the plaintiff could have had no purpose in delaying to serve the notice of loss beyond the time when it could be reasonably accomplished.

If the plaintiff exercised due diligence in seeking to obtain the policy, and in seeking for the information which would enable him to give the required notice, and he was unable to

obtain it until three days before the date of the notice and six days before it was received by the defendant, it can hardly be held, as a matter of law, that the service of the notice was insufficient or too late under the requirements of the policy.

Whether, under all the circumstances, immediate notice was given within the meaning of the policy, when fairly construed, was the question to be determined in this case. The word " immediate," like " forthwith," does not mean instantly, but immediate notice is notice within a reasonable time. In determining what was a reasonable time, it was necessary for the referee to take into consideration the situation of the plaintiff and all the circumstances by which he was surrounded. If they justified him in finding that the plaintiff used due diligence in discovering the policy, in ascertaining what it required and in preparing and serving the notice of loss, then the referee was justified in determining that the notice was sufficient under the provisions of the policy.

May, in his work on Insurance, in effect says, that if the notice is required to be immediate, the requirements will be met if it is given with due diligence under the circumstances of the case, and without unnecessary and unreasonable delay, of which the jury are ordinarily the judges.

In *O'Brien* v. *Phœnix Ins. Co.* (76 N. Y. 459) the policy provided that the assured should forthwith give notice to the company of the fire, and as soon after as possible render a particular account of the loss. The fire occurred March 8th, 1876. The affidavit to the proofs of loss was sworn to April 18th, 1876; they were served May 16, 1876, and it was held that the omission to serve the proofs at an earlier period was not an absolute bar to a recovery, but that the question whether the delay was unreasonable or not was one of fact for the jury.

In *Carpenter* v. *G. A. Ins. Co.* (135 N. Y. 298), where proofs of loss were not served until one hundred and fifteen days after the fire, it was held that the plaintiff was required to serve them within a reasonable time, and that the question

whether that was a reasonable time was a question of fact and properly submitted to the jury.

In *Griffey* v. *N. Y. Cent. Ins. Co.* (100 N. Y. 417) it was held that, under the provision of a policy requiring the insured to forthwith give notice of loss, it was enough if he acted in the matter with diligence and gave the notice without unnecessary delay, and that the question whether the delay was or not unreasonable was one of fact for the jury.

In *N. Y. Cent. Ins. Co.* v. *Nat. Protection Ins. Co.* (20 Barb. 468, 475), where the notice was required to be served forthwith, in determining the effect of that provision it was said: " This provision has never been construed literally to require notice on the day. It has always been held that due diligence under all the circumstances was all that was required." (*Inman* v. *Western F. Ins. Co.*, 12 Wend. 452.) The *Central Insurance Company Case* was reversed (14 N. Y. 85) upon another ground, but was subsequently cited upon this question with approval in *Bennett* v. *Lycoming County Mut. Ins. Co.* (67 N. Y. 274) where the same doctrine was reasserted. The latter case was cited with approval in *Matthews* v. *Am. Cent. Ins. Co.* (154 N. Y. 458) where it was, in substance, said that the words "immediately after the fire," as used with reference to the notice of loss, are to be construed not literally, but in the light of what may be reasonable and possible in the case at hand.

In several recent cases this court has discussed the distinction between the two classes of conditions which are to be found in policies of fire insurance. As to those which operate upon the parties prior to the loss, such as the condition and situation of the property, the relations of the insured to it and the statements and representations preceding the contract, it has been said that they are matters of substance upon which the liability of the insurer depends, are important in pointing out the conditions and circumstances under which the insurer has agreed to become liable, and, consequently, should receive a fair construction according to the intention of the parties. It has also been said in the same cases that where the liability

of the insurer has become fixed by a loss within the range of the contract, courts are reluctant to deprive the insured of the benefit of that liability by any narrow or technical construction of the conditions which prescribe the formal requisites by which the right is to be made available, and, therefore, that those provisions should be reasonably and not rigidly construed. (*McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389; *Paltrovitch* v. *Phœnix Ins. Co.*, 143 N. Y. 73; *Sergent* v. *L. & L. & G. Ins. Co.*, 155 N. Y. 349, 355.)

While it may be that if the question of the plaintiff's reasonable diligence was before us to determine as a question of fact, we might reach a conclusion adverse to that of the referee, still, under the proof and peculiar circumstances of this case, and in view of the authorities to which we have referred, we are of the opinion that this court cannot hold, as a matter of law, that the service of the notice of loss was not within a reasonable time, or that the referee was not justified in finding that the defendant received sufficient notice of the plaintiff's loss under the condition of its policy.

We have examined the various authorities cited by the learned counsel for the appellant, but think none is in conflict with the conclusion reached, as those cases arose under circumstances which render them clearly distinguishable from the case at bar.

We have reached the conclusion that this judgment should be affirmed with less reluctance than we otherwise would, as it is evident from the proof that the defendant was sufficiently apprised of the fire on the same day it occurred to afford it an opportunity to make any investigation or adopt any means it deemed necessary for the protection of its interests.

The judgment should be affirmed, with costs.

VANN, J. (dissenting). The policy in question required the insured to give "immediate notice" of any loss to the insurers, and prohibited any suit for recovery until after full compliance with this condition. We have recently determined that those interested in such a policy must make reasonable efforts

to observe this requirement and to remove obstacles in the way of performance. (*Matthews* v. *American Central Ins. Co.*, 154 N. Y. 449.)

As the plaintiff was only an assignee, under a general assignment for the benefit of creditors, and had never read the policy, the referee was justified in finding that he had no knowledge of this condition when the fire occurred. Since he did not obtain actual possession of the policy for a long time after the fire, owing to peculiar circumstances not affected by want of diligence on his part, as the referee found, he was       esponsible, simply on that account, for not sooner learn'    ` contents of the policy and complying therewith.         however, although merely an assignee, bound by the ι‿  χ due diligence, for he stood in the shoes of his assignor. It was his duty to make reasonable efforts to ascertain and perform what the policy required on the part of the insured, for it will be presumed that, as a business man of ordinary intelligence, he was somewhat familiar with such a common contract, and knew that there were conditions to be observed by the insured in case a fire occurred. Because he failed to obtain the manual possession of the policy, he was not relieved of all effort to learn its contents in some other practicable way. The authorities require one in his situation to act with reasonable diligence, and, if he does so, the condition as to immediate notice of the loss is not broken, even if there is a long delay. (*Bennett* v. *Lycoming C. M. Ins. Co.*, 67 N. Y. 274, 277; *Wheeler* v. *Conn. Mut. L. Ins. Co.*, 82 N. Y. 543; *Griffey* v. *N. Y. Cent. Ins. Co.*, 100 N. Y. 417, 421; *McNally* v. *Phœnix Ins. Co.*, 137 N. Y. 389, 401.) Non-performance of the condition, however, when unexcused, is an absolute defense to an action on the policy. (*Quinlan* v. *Providence W. Ins. Co.*, 133 N. Y. 356, 362.)

The burden of proof was upon the plaintiff to show either that the condition was substantially fulfilled, or that the delay was reasonable, and, hence, excusable, under all the circumstances. According to his own testimony I do not think he used due diligence to ascertain the contents of the policy and

fulfill its conditions.  At the date of the assignment he had, for nine years, been in the employ of the assignor, and after the assignment the assignor was employed by him.  He knew of the existence of the policies, although, owing to the confusion caused by the fire, he did not find them for about fifty days.  Before the fire he had the policy in suit, with many others, transferred to him as assignee, by Barbour & Durbrow, the firm of brokers who procured the insurance.  He knew that they had been the brokers of the assignor for about seven years prior to the assignment.  He knew where their office was, not far from his own, and had kept an account of the moneys paid them for insurance, although there was no record of the policies on the books of the assignor.

Disregarding the evidence of these brokers and their clerk, who, as witnesses for the defendant, gave strong evidence in its favor only, and confining the narration of the facts to those stated by the plaintiff himself, it appears that on the day of the fire he called at the office of the brokers and said to Mr. Brunner, their clerk, " I have come to see about the insurance you effected for me, or the transfers of insurance from Thoesen (the assignor), which he had.  He said, ' Well, you have to see Mr. Barbour.'  'Is he in?'  'He is not in.'  That is the last I saw of either Mr. Brunner or Mr. Barbour."

On his cross-examination he testified : " After the first of January, 1894 (the fire occurred December 16, 1893), I may have gone again to Barbour & Durbrow's office.  I did not go there and ask for a list of the insurance companies.    *    *    * I got from Barbour & Durbrow no list of insurance.  I got from no one else a list of insurance.  At the time of the fire I had no list of the insurance in my possession."

When examined shortly after the fire by the fire marshal and asked whether a list of the policies could not be obtained from the brokers, he said " very likely."

This is substantially all the evidence given by the plaintiff upon the subject, except that he sent the assignor, who had died before the trial, to the brokers' office on the third or fourth day after the fire, but it did not appear for what pur-

pose or what transpired.   He did not testify or show that he
was unable for any reason to get a list of the insurance com-
panies, or that any effort was made to that end, except as
stated.

At the close of the evidence the defendant moved to dismiss
the complaint upon the ground, among others, that the plain-
tiff " had the means of acquiring all the information neces-
sary to enable him to comply with the terms of the contract
of insurance requiring him to give to the defendant immedi-
ate notice of the loss as therein provided."   The referee did
not separately state the facts found by him, but decided " the
issues in this action in favor of the plaintiff," and directed
judgment accordingly for the amount of the policy.   Upon
appeal the judgment was affirmed, but by a divided vote.

An insurance contract, in case of doubt as to its meaning,
should be construed most favorably to the insured and against
the insurer, who is responsible for the doubt.   This is espe-
cially true after a fire has occurred and the liability of the
company has, to a certain extent, become fixed thereby.   The
insurer, however, cannot by construction be deprived of all
benefit from a plain provision of its contract.   Some effect
must be given to the clause requiring immediate notice, which
cannot be construed out of the policy altogether.   Notice
given fifty-three days after the fire is not " immediate," still
the delay may be excused by the insured.   The main ques-
tion in this case is whether the plaintiff met the burden of
excusing his delay by sufficient evidence of diligence.   In my
opinion he did not meet the requirements of the law by show-
ing that he made a reasonable effort to secure the information
necessary to enable him to perform the contract.   He knew
where he could get a list of the policies, and this would have
enabled him to call on the company and ask what there was
for him to do, or get a copy of the policy.   If the company
refused, he could safely rest on the refusal.   He did call on
his brokers, but they were not in.   He says he may have
called again, but he fails to state what he did.   According to
his own statement he never asked either of them for any

information. He did speak to their clerk and was told that he would have to see one of the firm, who was not in. Thereupon he left, and, as he states, that was the last he saw of broker or clerk. As was said in the dissenting opinion below : " Thus the plaintiff admits his own deliberate negligence. Why did he not return and see Barbour ? He is silent upon that point. Why did he not ask Thoesen ? Again he is silent. In fact, he seems to have studiously avoided making either inquiry or search."

Reasonable effort did not require a long journey or great expense or much time. The effort of an hour would doubtless have sufficed. All he had to do was to ask his broker for the information, and if he refused to give it, perhaps that would have been enough to make a question of fact for the referee. But he did nothing, or substantially nothing. The obstacles in the *Matthews Case* (*supra*) were more serious and the diligence used greater, yet we held that the insured was not entitled to recover because he did not comply with the condition or make reasonable efforts to do so. Instead of doing his best, the plaintiff did virtually nothing, and his default, as I view it, stands wholly without excuse. I think there was no question of fact for the referee in this regard, and that it was his duty to grant the motion of the defendant and dismiss the complaint. Upon the evidence as now presented the plaintiff was not entitled to recover.

While all the equities are apparently with the plaintiff, and the position of the defendant seems harsh, I respect its legal rights and vote for a reversal.

Parker, Ch. J., O'Brien, Bartlett and Haight, JJ., concur with Martin, J., for affirmance ; Gray, J., concurs with Vann, J., for reversal.

Judgment and order affirmed.